R. W. LUMBLEY, TRUSTEE, *v.* J. N. GILRUTH.

LANDLORD AND TENANT. *Lien. Advances. Section* 1301, *Code of* 1880, *considered. Case in judgment.*

A landlord lent a certain quantity of corn to his tenant to be used by the latter in making his crop, the corn to be returned or paid for at the close of the then current year. When the time for delivery arrived, the landlord demanded his corn, but it was inconvenient for the tenant to return the same, and the landlord agreed to allow him to return or pay for it at the close of the ensuing year. *Held,* that this did not constitute an "advance" for the second year within the meaning of § 1301, Code of 1880, which gives the landlord a paramount lien on a crop for all "advances" of supplies used in making such crop, but was a mere forbearance to demand something already advanced in a preceding year.

APPEAL from the Circuit Court of Yazoo County.

Hon. T. J. Wharton, Judge.

About January 1, 1885, J. N. Gilruth leased his plantation to one Smith for five years. A few days afterwards Gilruth loaned Smith two hundred and forty bushels of corn to be used by the latter in making the crop of that year, the same to be returned to Gilruth at the end of the year or paid for at an agreed price. At the proper time Gilruth made demand for his corn, but Smith asked that he be allowed till the end of the year 1886 to return the corn, as he needed it to make the crop for that year. No corn was delivered to Gilruth, nor was any set aside for him at the close of the year 1885. Gilruth simply charged the account of Smith with the value of the corn due.

Smith executed a deed of trust to R. W. Lumbley, trustee, on the crop to be grown on this plantation for the year 1886, in favor of Kling & Co., merchants, for supplies to be advanced.

At the close of 1886, Gilruth sued out an attachment under § 1301, Code of 1880, to recover the value of the corn alleged to have been advanced as supplies for 1886, and caused the same to be levied on property covered by the deed of trust in favor of Kling & Co. Lumbley, trustee, thereupon brought an action of replevin to recover the same. Upon the trial of the action of replevin judgment was rendered in favor of the defendant, Gilruth, and from this judgment the plaintiff, Lumbley, appealed.

*Bowman & Bowman,* for the appellant.

Giving a fair and liberal construction of the testimony of the two witnesses for defendant, both of whom are interested, the two hundred and forty bushels of corn furnished by Gilruth in 1885, were supplies for the year 1885, and a lien on the crop of that year, and not for the year 1886.

Revised Code, 1880, § 1301, gives every lessor of land a lien on all the agricultural products of the leased premises to secure the payment for supplies for the tenant and others for whom he may contract, and for his business carried on upon the leased premises.

The *business* of Smith, the lessee, was, for the year 1885, to make a crop, and the corn advanced for that year was a lien on the agricultural products for that, and not those for after years.

Code of 1880, § 1301, puts rent and advances for supplies on the same footing as to priority and the remedy, and in these two attributes are equal, and may be said to be yokemated under the law. Rent (*rente, reditus*), is but a yielding back, or return of profit issuing out of the land which passes.

Blackstone says it is defined to be a certain profit issuing *yearly* out of lands and tenements corporeal.   2 Black. Com. 41.

Kent gives about the same meaning, viz., "A certain *yearly profit* in money, provisions, chattels, or labor issuing out of lands and tenements in retribution for the use."   3 Kent Com. 460 ; Coke Litt. 142, &c.

According to the testimony of Smith, the lessee, the corn received in 1885 was but a loan to be returned at the end of the year.   Is this an advance of supplies within the meaning of the statute?

*Prewett & Henry*, for the appellee.

Counsel for appellant contended in the court below, and we suppose will here contend, that as there was no formal delivery of the two hundred and forty bushels of corn in controversy to Gilruth at the end of the year 1885, that therefore no title passed to Gilruth, and consequently he could not convey it to Smith in the beginning of the year 1886, but that the corn was really Smith's.   We do not think this sound.   Both parties recognized that the corn was Gilruth's, Smith asking the loan for another year, to which Gilruth consented.   The court will look to the substance and not to the shadow in such transactions.   Smith had two hundred and forty bushels of Gilruth's corn in his possession, to which Gilruth could have asserted his landlord's claim.   This will not be denied, and it is frivolous, it seems to us, to say that when he let Smith have it for the year 1886, that he should have required the two hundred and forty bushels measured out to him, only to have it thrown back the next moment into the general pile.   Smith was willing to accept it without this formality, and did so.   Would Smith be heard to say that Gilruth could not recover the corn of him because there was no actual delivery to G. of the two hundred and forty bushels?   If he could not, then is one who claims under a trust deed in any better position?

CAMPBELL, J., delivered the opinion of the court..

The . landlord did not *advance* anything to his tenant within the meaning of § 1301 of the Code. He forebore to compel delivery of the corn or payment for it, and agreed that the tenant might pay at the end of the next year. To constitute " *advance,*" the landlord must furnish, or cause to be furnished, something not before the tenant's, and mere forbearance to demand something due him from the tenant in one year, does not give him a lien on the agricultural products of the leased premises for the next year, as against one who has a deed of trust embracing them, whatever may be his right as against the tenant. The corn due from the tenant was not delivered, but continued to be his property, and the transaction between him and the landlord amounted to no more than forbear-' ance to demand what was due.

*Reversed and remanded.*