WILLIAM DUFOUR ET AL. *v.* CHARLES L. CHAPOTEL.

1. JURISDICTION.  *Circuit court.  Appeal from justice of the peace.*

   On appeal from a judgment of a justice of the peace, rendered without service of summons or appearance of defendant, the circuit court has no other jurisdiction than the justice of the peace had, the appellant's appearance in the circuit court conferring no original jurisdiction on that court.

2. SUPREME COURT.  *Appellate practice.  Agency.  Undisclosed principal. Election.*

   If two persons be jointly sued, and make no such defense in the court below, and a joint judgment is rendered against them, neither can complain in the supreme court that the evidence shows one to have been the agent of the other—an undisclosed principal —in the making of the contract upon which the suit is based, the plaintiff having failed to elect which one should be held.  A mere question of pleading, as misjoinder, cannot be raised in the supreme court for the first time.

3. SAME.  *Evidence.  Offer of compromise.  Objection withdrawn.*

   Evidence of an offer of compromise, although made before suit brought, is not admissible; but, if objection be withdrawn, error cannot be predicated of its admission by the court below.

FROM the circuit court of Harrison county.

HON. H. S. TERRAL, Judge.

The facts are sufficiently stated in the opinion of the court.

*Mc Willie & Thompson,* for appellants.

1. The first assignment of error is predicated of the action of the court below in striking Miss Watt's plea in abatement from the files.  She never was served with process in the justice's court, and the judgment there rendered against her was utterly void.  The justice of the peace never acquired jurisdiction of her person.  If his judgment was utterly void for want

of jurisdiction, how can the circuit court have jurisdiction on appeal? It is well settled that the circuit court has only such jurisdiction on appeals from justices' courts as the justice of the peace had. It will not do to say, by way of answer, that the justice of the peace had jurisdiction of the subject-matter of suits upon open accounts. He has not jurisdiction of open accounts in the pockets of creditors. Mere jurisdiction given by law of subject-matters generally, does not invest jurisdiction of a particular controversy. Something more is necessary to give a court jurisdiction of a cause than a constitutional or statutory right to hear and determine the subject-matter when the parties are properly before the court. A justice of the peace does not acquire jurisdiction of a particular cause when nothing more is done than the lodgment with him of the evidence of a debt. He cannot be said to have jurisdiction of a particular suit until the evidence of the debt is lodged with him and a summons is served upon the defendant. Until then he cannot rightly hear and determine the cause. The service of the summons is necessary to invest jurisdiction of the particular suit. True, Miss Watt could have invested jurisdiction in the justice's court by appearance therein, but she did not appear in that court. The justice of the peace, therefore, had no jurisdiction; and can the circuit court, on appeal, have jurisdiction where the justice had none?

2. That offers of compromise are not admissible in evidence is well settled. This subject is not better treated anywhere than in Cowan & Hill's notes to Phillips on Evidence. 2 Phillips on Evidence, p. 218 *et seq.*, note 196 *et seq.*

3. This is clearly the case of a contract made by plaintiff with the agent of an undisclosed principal. He may elect to hold either the principal or the agent; he cannot hold both. The judgment is erroneous because it does hold both, and the instructions are wrong because they authorized the holding of both. Mechem on Agency, sec. 695, *et seq.*

75 Miss.—42

*Bowers & Chaffe,* for appellee.

The only question raised that can be properly considered here, is the propriety of striking Miss Watt's plea in abatement from the files. Neither the instructions nor motion for a new trial can be attacked here, because there were no exceptions taken to the rulings of the court below on them.

The plea in abatement was frivolous, and it was properly stricken out. The appeal by Miss Watt was an appearance for all purposes; the trial in the circuit court was *de novo,* and her plea in abatement, as well as appeal bond, brought her into court for the new trial.

We take issue on the proposition that both the agent and principal cannot be held liable where the agent contracts in his own name, and holds his principal in the background. There is, in all the books, but one utterance that the party must elect, viz.: Mechem on Agency, sec. 698. This utterance is at variance with secs. 695 and 696 of the same work, and is utterly unsupported by the cases on which it relies.

WOODS, C. J., delivered the opinion of the court.

This was an action on an open account brought in a magistrate's court by appellee against Dufour and the other appellant, Miss Watt, jointly. Summons was issued for both and legally served upon Dufour, but was not served on Miss Watt in any manner known to our law. The justice of the peace rendered judgment by default against Dufour and Miss Watt, from which both appealed to the circuit court. In the latter named court, Miss Watt filed her plea to the jurisdiction of the court, on the ground of the want of jurisdiction in the magistrate's court to render judgment against her, because of the fact that she had never been summoned to appear in that court, and had not voluntarily appeared and submitted herself to the court's jurisdiction. On motion of appellee's counsel, this plea to the jurisdiction was stricken from the files by the circuit court, and thereafter the cause proceeded to trial against

both defendants upon the issue of indebtedness or no indebtedness by defendants, which resulted in judgment for appellee, and from this both defendants prosecute an appeal to this court.

The plea of Miss Watt to the jurisdiction of the circuit court was good, and should not have been stricken out. The justice's court never acquired jurisdiction of the person of Miss Watt, and its judgment was void. The circuit court had only such jurisdiction as the justice's court had, and that, as we have seen, was none. Miss Watt's appearance in the circuit court, conferred no original jurisdiction upon that court. It was impossible that it could, for that court, as we have said, could only have such jurisdiction as the magistrate's court had, and it had none. Miss Watt's plea to the jurisdiction was good, and should have been sustained, and for the error of the court below in striking it out, the judgment as to her must be reversed.

It is contended that the judgment against the other appellant, Dufour, must also be reversed, because, as an agent of an undisclosed principal in the contract sued upon, he and his principal (after her discovery) were sued jointly. It is a misjoinder of which Dufour now complains, but it is a mistake of pleading of which he did not complain in the court below. There is no hint to be found, from beginning to end of the record before us, that any issue was made below upon the supposed misjoinder of the parties who should not have been sued jointly. If it be conceded that the creditor in such case as the one before us should elect whether to proceed against the agent or the undisclosed principal, after her discovery, the answer to the contention now here put forward is, that no objection was made below to the joint suit, nor was any request made that plaintiff below should elect which person he would proceed against. It is too late to raise this mere question of pleading here for the first time. The evidence of an offer of compromise made by appellants to appellee, before suit brought, was erroneously admitted over

appellant's objection, but as this objection was subsequently withdrawn, the error was cured.

*The judgment is reversed as to appellant, Miss L. Watt, and affirmed as to appellant, Wm. Dufour, the latter to pay all costs.*