AMERICAN SURETY COMPANY *v.* UNITED STATES, USE OF
MELTON HARDWARE COMPANY.

76  289
80  792n
76  289
f94  435

1. UNITED STATES GOVERNMENT. *Claims against it. Assignments. Revised Statutes United States, § 3477 (2d ed.).*

In a suit by the United States on a contractor's bond for the use of one who has furnished materials used in the construction of a government building, a plea setting up an assignment by the contractor of a claim for work unperformed, with power of attorney to agents to complete the building and collect moneys that might thereafter become due, presents no defense, under § 3477, Revised Statutes of the United States.

76 Miss.—19 .

2. OPEN ACCOUNTS.   *Code* 1892, § 1801.   *Affidavits.*   *Suits on bonds.*

> A suit upon a bond is not within the provisions of code of 1892, § 1801, authorizing the proof of open accounts by affidavits, although the measure of damages recoverable for the breach of the bond may be the value of goods charged in the account.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

The United States, suing for the use of the Melton Hardware Co., the appellee, was plaintiff in the court below; the American Surety Co., the appellant, was defendant there. Stowell & Co. contracted with the United States to erect a public building at Meridian, giving bond as required by an act of congress, with appellant as surety. One of the conditions of the bond authorized by congress gives to anyone furnishing labor or material the right to sue on such bond in the name of the United States. Stowell & Co., after proceeding with the work for awhile, failed and quit, having purchased certain materials from the usee, the Melton Hardware Co. Creditors of Stowell & Co. held a meeting, and agreed that a committee, consisting of Street and Herzog, should proceed with the work, finish the building, and collect the price, etc. This was consummated, and notice thereof given the proper agents of the government, who paid no attention thereto, but made payment to Stowell & Co. Melton Hardware Co., in the name of the United States, brought this suit against Stowell & Co. and the appellant on the bond executed, as above stated, for materials furnished in the erection of said public building. The appellant surety company filed a special plea, setting out the facts of the failure of Stowell & Co., the appointment of Street and Herzog as agents to go on and complete the building, the assignment to them by Stowell & Co. of the claim against the United States for the work then unperformed, and with authority in the agents to collect money and pay creditors, etc. A demurrer was interposed to the special plea, and sustained by the court, and, a trial being had on the general issue, resulted in favor of

the Melton Hardware Co., the usee in the suit.    The surety company appealed to the supreme court.

*Fewell & Son,* for appellant.

Any conduct on the part of an obligee or beneficiary in an obligation secured by a surety which affects the rights of the surety, who stands upon the very letter of his contract, will discharge the surety.    The obligee is bound to protect the surety as far as he can.    *Pursefell* v. *Banking Co.* (Ky.), 30 S. W. Rep., 203; *West Virginia Bank* v. *Cumberland,* 24 S. E. Rep., 554; *Matthews* v. *Everett* (Ga.), 2 S. E. Rep., 135; *Kussig* v. *Allspaugh* (Cal.), 27 Pac. Rep., 655.    But for a provision in the contract sued on in this case, and but for the United States statute referred to, we think there would be no hesitation on the part of the court in deciding that the facts set up in the special plea discharged the surety. It is argued, however, that because of a clause in the bond by which the obligors bound themselves to pay for all materials furnished and labor done, the surety was not discharged; that the undertaking was one direct to all persons who might furnish materials, etc., and that that undertaking could not be affected by anything that the obligee might do.    And there are some authorities which take that view.    Now, whilst we admit that there is a general rule that a party in whose favor a contract is made may enforce that contract, we contend that all the terms and conditions of this bond are dependent upon each other, and that no party could call upon another party to perform the contract when the party so calling is himself in default.    Certainly the government could not have called upon Stowell & Co., or the appellant surety to go on with the work if the government had not itself complied with the contract, nor could Stowell & Co., have commanded payment from the government unless they had done the work which by the terms of the contract would entitle them to payment.    We have the anomalous proposition, then, if the court below was

correct, that persons not named in the contract could and did have rights which were higher than the rights of the contracting parties.

We think the court erred in its construction of the statute. Code 1892, § 1801. The statute does not apply, either in letter or spirit, to the state of case made here as against appellant.

*S. A. Witherspoon*, for appellee.

The special plea sets up with great prolixity the idea that the United States, as obligee in the bond, was bound to pay the $51,000 to the assigns of Stowell & Co., and that, instead of paying the balance of said $51,000 to the assigns of Stowell & Co., it had paid the money directly to Stowell & Co., and, in this, had violated the contract sued on. Even if this had been true, it could not have affected the rights of the Melton Hardware Co., which, by statute, had a right to sue on the bond, and of which right it should not be deprived by any acts of executive officers of the government in paying Stowell & Co. *Dull* v. *Crum*, 41 Neb., 665. But the fact is that there was not, and could not be, any assignment of the claim of Stowell & Co. against the United States, for the reason that the United States statutes, and the decisions of the United States supreme court, had declared all such assignments null and void. Revised statutes of United States (ed. of 1878), sec. 3477; *United States* v. *Gillis*, 95 U. S., 407; *Spofford* v. *Kirk*, 97 U. S., 484; *McKnight* v. *United States*, 98 U. S., 179. The plea does not pretend that the voucher or warrant was assigned, but that the claim had been assigned before the warrant issued.

The correctness of the account, in so far as the question of the goods having been sold to Stowell & Co. and the price and the quality of the goods was concerned, was conclusively proven by the affidavit, and, so far as the question of the goods having been supplied in the prosecution of the work, and

having been delivered and gone into the building, is concerned, the proof is ample.

WOODS, C. J., delivered the opinion of the court.

The action of the trial court in sustaining the demurrer to appellant's special plea was correct, in the light of several decisions of the United States supreme court construing section 3477, revised statutes of the United States, 1878 (2d ed.); *United States* v. *Gillis,* 95 U. S., 407; *Spofford* v. *Kirk,* 97 U. S., 484, and *McKnight* v. *United States,* 98 U. S., 179.

The plea sets up not the assignment of a warrant or voucher issued in settlement of a claim allowed, but of a claim or demand for work unperformed, with a power of attorney to Street and Herzog, the trustees or committee, to prosecute the unfinished work and to collect moneys that might thereafter become due.

But the court proceeded on the erroneous view, throughout the trial, that the suit was an action of assumpsit on an open account, and that the items embraced in the account might be established by the affidavits made for the Melton Hardware Company and filed with the account. This was not an action of assumpsit for materials sold by the hardware company to Stowell & Co. It was a suit upon a bond, with distinct assignment of breach of the bond, in the usual and ordinary form. The reference in the declaration to the materials furnished by the hardware company to Stowell & Co., and the filing of the itemized account as an exhibit, were intended only to show the measure of the damages recoverable for the breach of the bond sued on. Section 1801, code of 1892, has reference to suits upon open accounts only, and has no application in suits upon bonds, and plainly the present suit was upon the bond. The plaintiff below should have been required, by competent evidence, to establish two things: First, the correctness of the items embraced in the account, and, second, that these items were for materials furnished for the construction of the court-

house. Until this had been done plaintiff was not entitled to judgment.

*Reversed and remanded.*