JAMES W. ADAMS ET AL. *v.* FIDELITY MUTUAL LIFE INSUR-
ANCE COMPANY.

[49 South. 119.]

1. BONDS. *Suits on. Open accounts.* Code 1892, § 1801. Code 1906,
§ 1978.

A suit upon a bond is not within Code 1892, § 1801 (Code 1906,
§ 1978), authorizing the proof of open accounts by affidavits,
although the damages recoverable for a breach of the bond be
the value of goods charged in the account.

2. JUDGMENTS. *Want of notice. Justice of the peace. Appeal. Cir-
cuit court.*

A defendant against whom a judgment has been rendered in a
justice's court without notice, may assail its validity on direct
appeal to the circuit court.

FROM the circuit court of Lowndes county.

HON. J. L. BUCKLEY, Judge.

The Fidelity Mutual Life Insurance Company, appellee, a
corporation, was plaintiff in the court below; Adams and others,
appellants, were defendants there. From a judgment in plain-
tiff's favor defendants appealed to the supreme court.

The Fidelity Mutual Life Insurance Company began suit
before a justice of the peace on a bond in the company's favor
executed in February, 1906, by Adams as principal and three
others as sureties. The suit was begun by the filing of a decla-
ration on a bond, alleging that Adams had failed to account for
certain money, $119.98, belonging to the company; and to the
declaration was appended the bond in question and a sworn
itemized open account of the alleged indebtedness for which
judgment was demanded. There was a judgment before the
justice of the peace in plaintiff's favor, and on appeal the case
was tried *de novo* in the circuit court. The defendant, Adams,
in the circuit court, pleaded in abatement that he had not been

served with summons five days prior to the trial of the cause in the court of the justice of the peace. The transcript of the justice of the peace recited that Adams had been properly served. Upon motion of plaintiff the plea in abatement was stricken out, because the transcript showed that Adams signed the bond for appeal to the circuit court. The other defendants, who were sureties on the bond, pleaded separately and specially, alleging that there had been no breach of the condition of the bond. Upon motion of plaintiff, this plea was stricken out because not verified by oath. On the trial the plaintiff introduced the itemized sworn account to which the defendants had made no counter-affidavit as required by Code 1892, § 1801 (Code 1906, § 1978). Defendants offered to prove by the constable that Adams had not been served on the date shown by the constable's return of process, but the circuit court refused to allow the testimony, and granted plaintiff an instruction to the effect that, if from the evidence, the jury believed the indebtedness had been established by the sworn affidavit of the plaintiff, they should find for the plaintiff against all of the defendants.

*J. W. Loving,* for appellants.

As the bond in question was executed by appellants on February 10, 1906, we must look to Code 1892, § 1801, to determine whether the action of the court below in instructing the jury in favor of appellee, was correct. Code 1892, § 1801, provides that a person who sues on an open account shall be entitled to judgment on affidavit of its correctness unless the defendant shall make counter-affidavit that the account is not correct. This code section has reference to suits upon open accounts but has no application to suits upon bonds. It was obligatory upon the appellee as plaintiff to establish the correctness of the item embraced in the account, and to prove also that the bond covered liability for such items. *American Surety Co. v. United States,* 76 Miss. 289, 24 South. 388.

It was error in the court below to strike out the plea in abate-

ment and preclude the appellant, Adams, from attacking the judgment of the justice of the peace on the proof that he was not served with summons five days prior to the trial in the justice's court. *Comenitz v. Banks,* 85 Miss. 662, 38 South. 35; *Dufour v. Chapotel,* 75 Miss. 656, 22 South. 387.

*Orr & Harris,* for appellee.

The court of the justice of the peace is a court of record in Mississippi, and has recognized jurisdiction. In this case the judgment of the justice of the peace, as set forth in the transcript of his proceedings, distinctly shows that all of the defendants were present in his court and interposed no objection to the judgment against them. The circuit court was entitled to give full faith and credit to the proceedings in the justice's court. *Hughston v. Cornish,* 59 Miss. 372; *Murrah v. State,* 51 Miss. 652.

FLETCHER, J., delivered the opinion of the court.

This suit was instituted on the bond of Adams, executed to appellees; the principal and sureties being sued. The sureties answered, denying that there had been any breach of the conditions of the bond. No proof whatever was offered by plaintiff showing that there had been any such breach. He contented himself with offering an itemized account, properly sworn to, to which there was no counter affidavit. The court, however, struck out the plea of the sureties and practically directed a verdict for the amount sued for, instructing the jury that a verdict should be for the plaintiff if the plaintiff's demand had been proven by the itemized and verified account, and declining to grant the peremptory instruction requested by the defendants.

Bearing in mind the obvious fact that this is a suit on the bond, the case is perfectly controlled by the opinion in *American Surety Co. v. United States, etc.,* 76 Miss. 289, 24 South. 388. It is there said: "But the court proceeded on the errone-

ous view, throughout the trial, that the suit was an action of assumpsit on an open account, and that the items embraced in the account could be established by the affidavits made for the Melton Hardware Company and filed with the account. This was not an action of assumpsit for materials sold by the hardware company to Stowell & Co. It was a suit upon a bond, with distinct assignment of breach of the bond, in the usual and ordinary form. The reference in the declaration to the materials furnished by the hardware company to Stowell & Co., and the filing of the itemized account as an exhibit, were intended only to show the measure of the damages recoverable for the breach of the bond sued on. Section 1801, Ann. Code 1892, has reference to suits upon open accounts only, and has no application in suits upon bonds and plainly the present suit was upon the bond. The plaintiff below should have been required, by competent evidence, to establish two things: First, the correctness of the items embraced in the account; and, second, that these items were for material furnished for the construction of the courthouse. Until this had been done plaintiff was not entitled to judgment."

For this error, if there were no other, the case would have to be reversed. However, since there must be a new trial, it is well to remark that appellant Adams is not precluded from making an attack upon the judgment rendered by the justice of the peace merely because he has executed an appeal bond to the circuit court. That question is distinctly decided in *Dufour v. Chapotel,* 75 Miss. 656, 23 South. 387.

*Reversed and remanded.*