.SPROUSE *v.* DAVIS.*

(Division A.   Feb. 1, 1926.)

[106 So. 824.   No. 25390.]

1. REPLEVIN.   *Defendant landlord without counter-affidavit may disprove account sworn to with plaintiff tenant's declaration for property attached by landlord.*

Replevin by tenant against landlord under Hemingway's Code, section 2354 (Code 1906, section 2856), for property seized under attachment for rent and supplies, sued out by landlord under sections 2330, 2331, *et seq.* (sections 2832, 2833, *et seq.*), being an action possessory in its nature, and the question of account being incidental to the main issue of right of possession, landlord without counter-affidavit may disprove the account for work sworn to by tenant with his declaration.

2. LANDLORD AND TENANT. *Lien on crop held to exist for supplies furnished the previous year.*

   Landlord late in one year, and just before tenant moved on the land, having furnished him with a wagon in contemplation of contract already made for working the land during the next year, has a lien therefor on the crop of the next year.

---

*Corpus Juris-Cyc. References; Landlord and Tenant, 36 C. J., p. 497, n. 39, New; Replevin, 34 Cyc., pp. 1354, n. 12; 1498, n. 86, New.

APPEAL from circuit court of Union county.

HON. THOS. E. PEGRAM, Judge.

Action by C. W. Sprouse against J. Y. Davis. Judgment for defendant, and plaintiff appeals. Affirmed.

*B. N. Knox,* for appellant.

Before the trial in circuit court, the rent had been paid by appellee, which left only the question of supplies to be considered. At the time of the sale of the wagon by Davis to Sprouse, Sprouse was a tenant on Sam Givin's place. Sprouse agreed to build a house for Davis and in that way pay for the wagon, and later a dispute arose as to the amount agreed upon for the wagon, and the method of payment therefor by Sprouse. *The sale of the wagon and delivery thereof to Sprouse was in 1923, at a time when he was not a tenant of Davis.' It is alleged and not denied that the agricultural products attached were raised by Sprouse during 1924.* Also, the other small items going to make up the supply account were furnished in 1923, according to Davis himself. On motion, the court excluded all testimony relating to items in the supply account of Davis to Sprouse, on the ground that they were furnished in 1923, before Sprouse became a tenant of Davis.' The court overruled the motion to exclude the testimony, on the same grounds, relative to the wagon, although it was undisputed that the wagon trade was made in October, 1923. The court also refused appellant an instruction to find for the plaintiff, Sprouse,

when the fifty dollar ballance on the wagon was the only thing in controversy.

I submit to the court that the crop raised by Sprouse in 1924 could not be subjected to lien for supplies furnished Sprouse by Davis in 1923. *Lumbly* v. *Gilruth,* 65 Miss. 23.

*Crum & Lauderdale,* for appellee.

At the outset see sections 2330 and 2331, Hemingway's Code. The statutes require, in order to create a lien: (1) The relationship of landlord and tenant; (2) That the landlord should have a definite claim for rent or advances for supplies, teams, wagons, etc.

In the case at bar, Davis had already rented to Sprouse before he sold him the wagon, for in the contract to pay for the wagon Sprouse had agreed to do certain work on the place as a part payment for the wagon. Therefore, the proper relation of landlord and tenant existed. A wagon of the kind sold is a common and necessary vehicle for hauling fertilizer, making, gathering and marketing the crop under the lease, and was furnished by the landlord. Therefore, Davis clearly had a landlord's lien, under the statute, on the crop raised for the year 1924. *Trimble* v. *Durham,* 70 Miss. 295, 12 So. 207.

Counsel is mistaken in contending that the supplies themselves must be furnished during the calendar year that the crop is grown. The wagon was furnished by the landlord to the tenant for the purpose of being used by the tenant to make the crop of 1924, and we think that the landlord has the statutory lien on the 1924 crop. *Lumbley, Trustee,* v. *Gilruth,* 65 Miss. 23, 3 So. 77, is distinguishable.

Sprouse, the tenant, brings his suit for the sole purpose, as required by the statute, of regaining *possession* of the bale of cotton detrained and for recovering *damages* for its wrongful taking under the distress warrant. But Sprouse in this proceeding is not and cannot sue for

an account he claims Davis owed him before the distress warrant was levied. His special plea, if it should be termed such, is no more than notice to Davis that he expects to introduce proof that he paid Davis' account, and is filed as a part of his replication, which closes the issue by concluding to the county. Davis by no proper rule of proper pleading was authorized to plead further, and under the statutory rule above referred to for this kind of proceeding, he could not further plead and was not required in this case, to file a counter-affidavit to Sprouse's account made a part of his replication. *American Surety Co.* v. *U. S.,* 76 Miss. 289, 24 So. 388. But besides this fact, Davis was not and did not deny the items of Sprouse's account, but claimed that in performing the work constituting those items, Sprouse was working for himself and not for Davis. *Rienhardt* v. *Carter,* 49 Miss. 315; *Aaron* v. *Rodesta,* 60 Miss 82; *I. C. R. R. Co.* v. *Andrews,* 61 Miss. 474.

Therefore, we conclude that even though it should be held that section 1638, Hemingway's Code, applies to Sprouse's account, Davis had the right to show without a counter-affidavit that in performing the work constituting the items Sprouse was not working for Davis. See, also, *Allen* v. *Standifer,* 57 Miss. 614-5.

McGOWEN, J., delivered the opinion of the court.

J. Y. Davis, the landlord, sued out an attachment for rent and supplies, complying with the statute with reference to the affidavit and bond, and the writ was issued and levied upon one bale of cotton under chapter 43, Hemingway's Code, sections 2330, 2331, et seq. (chapter 76, Code of 1906, sections 2832, 2833, et seq.) After the levy by the sheriff, the tenant replevied the property under section 2354, Hemingway's Code (section 2856, Code of 1906), and attached to his declaration in replevin a sworn itemized account consisting mainly of work and labor performed, to which the avowry was filed and all

the pleadings made up, but the defendant, the landlord, did not file an affidavit denying the correctness of the account attached to and made a part of the affidavit in replevin of the tenant. Upon the proof it developed that Davis, in the latter part of September, 1923, made a contract to rent certain lands to Sprouse, to be worked by him in raising a crop of cotton during the farming year of 1924. Thereafter, in the latter part of November, 1923, Davis, the landlord, sold Sprouse, the tenant, a wagon, the balance due on which was shown to be fifty dollars, and about a week later moved on the leased premises. There were other facts which we do not think it necessary to state here. There was a trial in the justice court, resulting in a judgment for the plaintiff, tenant, and an appeal was prosecuted therefrom to the circuit court, and the case being tried *de novo* in the circuit court, judgment was entered for the defendant, the landlord, and the plaintiff, tenant, prosecutes this appeal here.

Two points are presented here for decision: First, the tenant, Sprouse, contends that the court erred in permitting the landlord to prove circumstances in denial of the account duly sworn to by the tenant with his declaration because there was no counter-affidavit. This objection is without merit, for the reason that this action is possessory in its nature, one of replevin for the possession of the property instituted by the tenant after the summary writ of attachment had been issued and the agricultural products seized, and the question of account is incidental to the main issue, *the right of possession.* *American Surety Co.* v. *United States, etc.,* 76 Miss. 289, 24 So. 388.

Counsel for appellant, the tenant, next contends that there is no lien on the agricultural products raised during the year 1924 for a wagon furnished in November, 1923; in other words, that this is a carrying forward of the lien for supplies furnished in 1923 and enforcing same on the products raised in 1924, and relies on the

case of *Lumbley* v. *Gilruth,* 65 Miss. 23, 3 So. 77, in which case it developed that the landlord furnished supplies during one year which were not paid by the crop of that year, and undertook to enforce the lien upon the second ensuing year for the balance carried over, and this court held that there was no lien on the second crop for rent and supplies furnished in the making of the first crop.

To state the holding is to differentiate the case. The wagon in this case was furnished in contemplation of the contract already made for the working of the land during the year 1924, and within a very few days the tenant moved on the leased premises, and it is not contended that a lien would not exist for the wagon so furnished during the year 1924. It is a well known fact that much of the farming in this country is done in the fall before Christmas, in the preparation of the lands by plowing and fertilizing same, and that supplies thus furnished for that crop are a lien upon the agricultural products thus raised, and this is not a case of undertaking to extend a lien existing upon one crop to another.

The court below so held, and we think the result reached correct.

*Affirmed.*