## Central Trust Co. et al. v. Meridian Light & Ry. Company.

[63 South. 575.]

1. LIMITATION OF ACTIONS. *Running of statute. Time of running. Actions on bonds. Estoppel to invoke statute. Effect of bar. Security. Rights of junior mortgagee.*

The statute of limitations begins to run, whenever the cause of action accrues. In other words, the time limited is to be computed from the day upon which the plaintiff might have commenced an action for the recovery of his demand.

2. LIMITATION OF ACTIONS. *Time of running. Action on bonds.*

Where bonds provided that "if default shall be made in the payment of any quarterly annual installment of interest on this bond, and be demanded, and shall remain unpaid for ninety days after such demand, the principal of this bond shall at once become due and payable." In such case a right of action accrued on the date when the interest on such bonds was demanded and refused, even though there was no request that the trust deed securing the bonds be foreclosed by the trustee.

3. LIMITATION OF ACTIONS. *Estoppel to invoke statute.*

The fact that the maker of an instrument puts the statute of limitations in operation by the breach of his contract does not estop him from pleading such statute, since the statutes of limitations are always put in operation by the wrongful acts of the parties invoking them.

4. LIMITATION OF ACTIONS. *Effect of bar. Security. Rights of junior mortgagee.*

A junior mortgagee has no right to redeem the property covered by his mortgage from a sale under a prior mortgage when the debt secured by his mortgagee is barred by the statute of limitations.

OPINION ON SUGGESTION OF ERROR.

1. LIMITATION OF ACTIONS. *Accrual of action. Bonds Limitation of actions.*

Where bonds on their face provided that if interest thereon remained unpaid ninety days after demand, the principal should

become payable, the right of action upon such default was not affected by a provision in a deed of trust securing the bonds, that should there be default in the payment in any installment of interest for ninety days, the whole of the principal of the bonds outstanding might at the option of the trustee be declared due and payable, since the clause in the bonds affect only the particular bonds in which they are written, and the failure to pay interest on one bond has no affect on the maturity of another bond, while the clause in the deed of trust affects all of the bonds and confers power upon the trustee to declare all of them due upon the failure to pay the interest due on any one of them, and hence the running of the statute of limitations against. a right of action on the bonds is not tolled by the provision in the trust deed.

2. LIMITATION OF ACTIONS. *Pleading statute.*
   While it is true that in equity the defense of the statute of limitations can be raised by demurrer when the facts establishing it. appear on the face of the bill, yet it cannot be done.by a general. demurrer. In order to be so availed of, the demurrer must specifically set up the statute as one of the grounds thereof.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Suit by the Central Trust Company and others against the Meridian Light and Railway Company and others. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Eli H. Chandler, Hirsch, Dent & Landen, G. Q. Hall* and *Hall & Jacobson,* for appellants.

*Wm. H. Ambrecht* and *Baskin & Wilbourn,* for appellee.

Argued orally by *Joe Hirsch* and *Gabe Jacobson,* for appellant and *Wm. H. Ambrecht* and *R. E. Williams,* for appellee.

SMITH, C. J., delivered the opinion of the court.

On the 17th day of May, 1890, the Meridian Gaslight Company conveyed to the St. Louis Trust Company the

property here in controversy in trust to secure the payment of sixty first mortgage bonds executed by it. In 1901, default having been made in the payment of these bonds, this deed of trust was foreclosed by a bill in equity, and the property sold, at which sale A. C. Howze, trustee, became the purchaser, and the present owners of the property claim title through him by mesne conveyances. In 1893 the Meridian Gaslight Company executed a second deed of trust to the Central Trust Company to secure the payment of a second series of bonds, each for the sum of one thousand dollars payable ten years after date with interest at the rate of six per cent. per annum, payable quarterly "upon presentation and surrender of the interest coupons attached to said bonds as they severally become due." These bonds contained the following provision: "If default shall be made in the payment of any quarterly annual installment of interest on this bond and be demanded and shall remain unpaid for ninety days after such demand, the principal of this bond shall at once become due and payable." The mortgage stipulated, quoting from the brief of counsel for appellants, that "should the Meridian Gaslight Company 'make default in the principal or interest of said bond, and should such default continue for three months,' then said Central Trust Company, upon being requested to do so by the holder or holders of a majority of said bonds outstanding, 'shall proceed to sell,' etc." These bonds and the interest coupons attached thereto are payable at the office of the Central Trust Company in New York City. On the 1st day of June, 1899, appellant Loper, the owner of the bonds here sued on, presented to the Central Trust Company coupons numbered twenty-four attached thereto, and requested payment thereof, which request was refused, and thereafter, in the language of appellants' bill, "the said Richard·F. Loper has frequently demanded of said trustee the payment of the accrued interest evidenced by the successively maturing coupons on said bonds and the

106 Miss. 28

payment of the principal sum evidenced by said bonds, the payment of which has always been similarly refused when so demanded, and that no part of said interest or said principal sum, so demanded, has been paid either by the said company or any one else in its behalf, and that the same is now due, owing, and unpaid." On the 26th day of June, 1906, Loper, together with the Central Trust Company, instituted this proceeding in the court below, praying that the deed of trust securing his bonds be foreclosed, and that he be permitted to redeem the property from the sale under the deed of trust executed to the St. Louis Trust Company. Neither Loper, the Central Trust Company, nor any holder of the bonds secured by the deed of trust to the Central Trust Company, were made parties to the suit by which the St. Louis Trust Company mortgage was foreclosed. From a decree dismissing appellants' bill, this appeal is taken.

At the close of appellants' testimony, the chancellor sustained an objection which had been made in proper form to the introduction of the bond sued on, and excluded them from the evidence on the ground that their execution had not been proven. It is unnecessary for us to decide whether or not the chancellor erred in so doing, for the reason that this evidence was not excluded until complainants had rested their case, and on the pleading and evidence then presented appellants were not entitled, as will presently appear, to the relief prayed for, even had the bonds not been excluded from the evidence.

One of the defenses relied upon by appellee is that the bonds sued on are barred by our six-year statute of limitations.

"The statute of limitations begins to run, whenever the cause of action accrues. In other words, the time limited is to be computed from the day upon which the plaintiff might have commenced an action for the recovery of his demand." *Johnson* v. *Pyles,* 11 Smedes & M. 189.

When the demand for the payment of the interest due on these bonds, made on the 1st day of June, 1899, was

refused, the principal of the bonds, by reason of the provision hereof hereinbefore set out, became at once due and payable, and the owner had the right then, and always thereafter, to collect them, if necessary, by suit at law. The time within which a suit on the bonds can be commenced must therefore be computed from that date, and, since this suit was instituted more than six years after that date, the bar of the statute is complete. *Hemp* v. *Garland,* 4 Q. B. 519, 7 Pt. I. Jurist, 302; *Reeves* v. *Butcher,* 2 Law Rep., Q. B. D. 509; *Bank* v. *Peck,* 8 Kan. 660; *Wheeler* v. *Howard* (C. C.), 28 Fed. 741; *Snyder* v. *Miller,* 71 Kan. 410, 80 Pac. 970, 69 L. R. A. 250, 114 Am. St. 489; *Pierce* v. *Shaw,* 51 Wis. 316, 8 N. W. 207; *Ryan* v. *Caldwell,* 106 Ky. 543, 50 S. W. 966; *Harrison Machine Works* v. *Reigor,* 64 Tex. 89; *San Antonio Real Estate, etc., Association* v. *Stewart,* 94 Tex. 441, 61 S. W. 386, 86 Am. St. 864.

We have examined, but must decline to follow, the authorities to the contrary cited by counsel for appellants. It may be, and probably is, true, as stated in some of these cases, that this provision is primarily for the benefit of the bondholders, and is inserted in order to make the bonds more attractive to investors; but, when the bonds contain no language which either expressly or by necessary implication so limits its benefits, it necessarily follows that it can be invoked by the maker as well as the holder. To hold otherwise would be to make a contract for the parties different from the one they themselves have made.

There is no force in the argument, also advanced, in some of these cases, that it would be inequitable to permit the maker of a bond containing such a provision to put the statute in operation by his own wrongful act— i. e., by the breach of his contract to pay the interest at stated intervals—for the reason that statutes of limitation are always put in operation by the wrongful acts of the parties invoking them. *San Antonio Real Estate, etc., Association* v. *Stewart, supra.*

We do not understand counsel for appellant to deny, which of course they could not successfully do, that a junior mortgagee has no right to redeem the property covered by his mortgage from a sale under a prior mortgage when the debt secured by his mortgage is barred by the statute of limitations.

We have not overlooked the provision in appellants' deed of trust that it should be foreclosed by the trustee upon its being requested so to do, and that no such request was made of the trustee prior to the institution of this suit. That fact is wholly immaterial for the reason that the statute of limitations begins to run, not from the time a request of the trustee to foreclose a deed of trust is made, but from the time the debt secured thereby becomes due and payable.                                    *Affirmed.*