GRAHAM MCNEIL CO. *v.* SCARBOROUGH.

(Division B.   April 7, 1924.)

[99 So. 502.   No. 23937.]

1.  LIMITATIONS OF ACTIONS.  *Statute does not begin to run until cause of action accrues; cause of action "accrues" with right to sue.*

   A statute of limitations does not begin to run until the cause of action accrues.  A cause of action "accrues" when a person has a right to sue upon the claim.

2.  PAYMENT.  *With full knowledge of facts but through ignorance of law not recoverable.*

   Money paid with full knowledge of the facts but through ignorance of law may not be recovered back.  The maxim, *ignorantia juris neminem excusat*, applies.

3.  EXECUTORS AND ADMINISTRATORS.  *Amount of claim paid by administrator for estate through mistake of law held not recoverable.*

Where a claim against the estate of a decedent is probated and allowed and voluntarily paid by the administrator, though the same is not properly itemized under the statute and upon exceptions to the final account of the administrator by the heirs he is personally charged with the amount of the claim paid and authorized by decree of the court to sue for its recovery; this payment is a mistake of law and not one of fact, and no recovery may be had thereon.

APPEAL from circuit court of Pearl River county.

HON. J. Q. LANGSTON, Judge.

Action by J. J. Scarborough against Graham McNeil Company. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered.

*Parker & Shivers,* for appellant.

Judgment should have been rendered in the court below in favor of the appellant. As to the question of mistake there is no evidence whatever in the record except the fact that the amount of the probated claim was paid to the appellee; that the claim was not properly probated when the amount was paid, and the further agreement that appellant did nothing whatever toward coercing or collecting the claim, but simply received it when it was paid to him by the administrator. We call the court's attention to the fact that proper affidavit of probate was made to the claim; that it was duly filed and allowed and that there is no claim or pretense that the indebtedness was not owed by Mr. Graham to the defendant, appellant here.

However, the claim was disallowed because of the fact that the account was not itemized and of course the chancellor was correct in the decree of August 19, 1921, when he disallowed the claim for that reason, as the record shows that the claim was not itemized. However, there is no claim made by appellee that he did not know the claim was not itemized. In fact, the receipt filed by him in the record for the amount paid to appellant states that it was paid on account probated and attached and

as a matter of fact such receipt as introduced in evidence in the lower court, had pinned to it then and still has pinned to it and attached to it, the account together with the affidavit of probate and the account as then filed and now as shown by this record was not itemized, but was for a balance as stated of the amount shown in the account.

Therefore, there could not be any question but that the administrator was absolutely aware of the fact that there was no itemized account, and the administrator does not even pretend to claim that he did not know such to be a fact but this record shows conclusively that he did know that the claim was not itemized, and as heretofore shown, if there was any mistake in the matter it was the fact that he was mistaken as to the law and thought that the claim was properly probated and that the law did not require an itemized account to be filed.

The mistake therefore is one entirely of law, and the only question remaining to be decided on that point is whether he is entitled to recover on a mistake of law when the other party did nothing toward leading him into the mistake or toward coercing him into paying the account. 2 Elliott on Contracts, 645, lays down the rule against recovery of money paid under mistake of law. See also Am. & Eng. Enc. Law, 214. The same rule is stated by our court in *Tiffany* v. *Johnson*, 27 Miss. 227, as follows: ''The rule is applicable as well in equity as in courts of common law, that money paid with full knowledge of the facts but through ignorance of law is not recoverable if there be nothing unconscientious in retaining it.'' See too, *Town of Wesson* v. *Collins*, 18 So. 360, and cases therein cited.

*Gex, Waller & Morse,* for appellee.

After payment by the administrator (the appellee), to Graham McNeil Company, he could not have recovered in a suit against the appellant herein; and this is admitted by the appellant. The claim after payment was

not void, but voidable only, and the only persons who could attack the claim were the heirs of Captain Graham. If the decree of February 14, 1914, of the chancery court, allowing the claim before payment would have prevented a recovery by the administrator, the appellee herein, then the doctrine laid down in *Johnson* v. *Pyles,* 11 S. & M. 189, would apply.

Appellant concedes in his argument that if this was a mistake of fact then the appellant is liable. The argument of appellant that the claim was voluntarily made needs no answer, other than to call the court's attention to the fact that these matters are largely routine, the administrator taking his account to his attorney and the attorney then handling the matters with the court. So after his attorney had passed upon the claim and had presented the same to the court and was ordered to pay the claim, no force nor coercion would be needed. The administrator, the appellee herein, was not guilty of neglect of duty nor neglect of precaution. He secured a competent attorney and the claim was presented to the court before payment. The court will observe that the case is brought by J. J. Scarborough, administrator, and we submit that *McGraw* v. *Mercantile Company,* 95 Miss. 829, is decisive.

SYKES, P. J., delivered the opinion of the court.

The appellee, Scarborough, sued Graham McNeil Company in the circuit court of Pearl River county for a recovery of the sum of three hundred eighty-six dollars and thirty-five cents, with interest from the date of payment of this sum to the defendant. Briefly stated, the declaration alleged that Scarborough, as administrator of the estate of W. D. Graham, paid this sum to the defendant after defendant's claim had been duly registered, probated, and allowed in the chancery court; that on objection of the heirs to the final account of the administrator the payment by him of this claim to the defendant was

disallowed, and he was personally charged with this amount, and permitted by the final decree of the chancery court to prosecute this suit to recover back this amount so paid. There was a plea of the general issue and special pleas of both the three year and six year statutes of limitation. There was also a special plea setting up the fact of the probation of the account against the estate of the deceased, its payment by the administrator, and that it was justly due and was voluntarily paid without any mistake on the part of the administrator.

The facts in the case are undisputed. The account of the appellant in the estate matter was not itemized, but was approved by the court, and the administrator authorized to pay it. This he did, but on exceptions by the heirs he was not allowed credit for this payment, but was personally charged with it and authorized to prosecute this suit by the final decree of the chancery court in the administration matter.

From a judgment in favor of the appellee for the full amount sued for, this appeal is here prosecuted.

This final decree of the chancery court was rendered in August, 1921, and the declaration in this case was filed in May, 1923. This claim is not barred by any statute of limitations, because the statute of limitations did not begin to run until the cause of action accrued to the plaintiff, and this cause of action did not accrue to the plaintiff until his payment was disallowed by the decree of the chancery court in 1921. *Johnson* v. *Pyles,* 11 Smedes & M. 189; *Trust Co.* v. *Railroad Co.,* 106 Miss. 431, 63 So. 575, 51 L. R. A. (N. S.) 151.

The facts in the case, however, show that this claim was not paid by the administrator because of any mistake of fact. The probated claim was before the court, and on its face it showed that it was not properly itemized as required by the statute. Neither the administrator, his attorney, nor the court was in any wise misled

as to any fact in the matter. There could have been no mistake that the claim was not itemized. The mistake was one of law; namely, a mistake of the court in holding a claim properly itemized, and therefore subject to payment which was not properly itemized. This being true since the payment was made under a mistake of law, there can be no recovery by the appellee.

This rule is correctly stated in Elliott on Contracts, vol. 2, p. 645, section 1391:

"Generally, money paid under a mere mistake of law cannot be recovered, although it is against conscience for the defendant to retain it. The general principle is that, where the party with full knowledge, actual or imputed, of the facts, there being no duress, fraud or extortion, voluntarily pays money on a demand, although not enforceable against him, he cannot recover it back. . . .

"When the party alleges merely a mistake of law, the maxim applies, *ignorantia juris neminem excusat.* It is a rule of law as well as of good faith, and precludes the court being occupied in undoing the arrangements of parties, which they have voluntarily made, and into which they have not been drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities."

This same rule is stated in the case of *Tiffany* v. *Johnson*, 27 Miss. 227, as follows: "The rule is applicable as well in equity as in courts of common law that money paid with a full knowledge of the facts, but through ignorance of law, is not recoverable, if there be nothing unconscientious in retaining it."

This statement of the law is not controverted by the appellee, but his contention is that the claim was paid under a mistake of fact. Our views are otherwise.

Since the administrator voluntarily paid this claim through a mistake of law, it follows that he cannot recover this amount in this suit. The lower court held

otherwise. The judgment is reversed, and judgment will be entered here in favor of the appellant in accordance with the views herein expressed.

Reversed, and judgment for appellant here.

*Reversed.*