## Atlantic Life Ins. Co. *v.* Serio.

(Division A. Nov. 12, 1934. Suggestion of Error Overruled Feb. 18, 1935.)

[157 So. 474. No. 31393.]

**Brandon & Brandon,** of Natchez, for appellant.

Engle & Laub, of Natchez, for appellee.

728

· Argued orally by **Gerard Brandon,** for appellant, and by **C. F. Engle** and **S. B. Laub**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant issued a disability insurance policy to the appellee, and this is an appeal from a judgment against it awarding the appellee a recovery for payments alleged to be due him under the policy.

· The policy was issued in December, 1919. Afterwards the appellee developed tuberculosis, which in May, 1923, so disabled him as to entitle him to the disability payments provided in the policy, and such payments were made him up to January, 1927. In February, 1927, the appellant advised the appellee that it no longer recognized his claimed disability and would not thereafter make further payments to him under the policy. The appellee frequently thereafter called on the appellant for the payments under the policy, advising it of his continued incapacity, and requesting forms for making the proper proof thereof, with which requests the appellant did not comply. In October, 1933, the appellee instituted this action to recover from the appellant all of the payments

alleged to be due him under the policy since January, 1927.

As to the payments due more than six years before suit was begun, no recovery was allowed and no cross-appeal had been prosecuted.

The appellant's complaints are: First, the refusal of the court to grant its request for a directed verdict; second, the refusal of the court to instruct the jury that the appellee could not recover for disability payments claimed "between the months of June, 1928, and that of February, 1929;" third, the refusal of the court to instruct the jury that the appellant could not recover for any payments alleged to be due under the policy since the month of June, 1928; and, fourth, the admission of certain evidence introduced by the appellee.

The appellant's request for a directed verdict is based on two grounds: First, the evidence does not disclose that the appellant is disabled from earning a livelihood within the meaning of the policy; and, second, the cause of action is barred by the six-year statute of limitation (section 2292, Code of 1930). 

On the evidence, the disability vel non of the appellee was so clearly for the jury that it will not be necessary to set out the evidence relative thereto.

The policy provides for disability payments thereunder of ten dollars each month, and, in support of its statute of limitations claim, the appellant says that the appellee's cause of action accrued in February, 1927, when it disavowed further liability and indicated to the appellee that it would make no further payments under the policy. Its argument is, in substance, this: That, when it advised appellee it would make no further payments under the policy, it breached its contract, assuming the appellee was entitled to such payments, and the appellee's cause of action against it then accrued; that its liability for each monthly payment is dependent on its liability for the preceding monthly payment; that, when

it breached its contract, the appellee had the right to sue for the payments then due and for those thereafter to become due; that he would have been entitled to recover for the future installments on proof that he was permanently disabled, and, if not permanently disabled, for the installments to become due prior to the time the evidence disclosed that his disability would be removed. We cannot agree to this. There was no obligation on the appellant to make these monthly payments in advance, and the appellee could not sue therefor until the time for their payment passed without payment being made. The appellant's contention seems to be supported by Federal Life Ins. Co. v. Rascoe (C. C. A.), 12 F. (2d) 693, but we decline to follow it, and agree with the opinion of the dissenting judge therein. Central Trust Co. v. Meridian Light & Railway Co., 106 Miss. 431, 63 So. 575, 51 L. R. A. (N. S.), 151, renders no support to the appellant's claim. In that case the Meridian Light & Railway Company had issued serial bonds, each of which provided that, "if default shall be made in the payment of any quarterly annual installment of interest on this bond and be demanded and shall remain unpaid for ninety days after such demand, the principal of this bond shall at once become due and payable." This provision made the bonds automatically due and payable on the failure to pay the interest thereon. The appellant incurred a continuing obligation under its contract, and, as hereinbefore stated, the appellee was without the right to recover the payments due him under it prior to the time such payments became due.

The appellant's request for an instruction barring the appellee of recovery on payments alleged to be due after June, 1928, is based on the fact that he paid no premiums on the policy after that date, and on the appellee's claim that he then and thereafter was not disabled from earning a support, within the meaning of the policy. Whether or not the appellee was disabled within the meaning of

the policy was, on the evidence, a question for the jury; consequently the instruction requested was properly refused:

The appellant's claim that the appellee cannot recover for payments alleged to be due him under the policy between the months of June, 1928, and February, 1929, is based upon a letter written to it by the appellee on February 23, 1929, wherein he requested payments due him up to June, 1928, and said: "You stopped payments of claim in December, 1926, and I was still disabled up to June, 1928, the case is now in its arrested stage but I am not claiming any disability because of present condition." The appellant says this was an admission, and such it seems to be, that the appellee was under no disability from June 28, 1928, to the date of his letter. The appellee's evidence, if true, negatives this admission, and his explanation thereof is that he was then in need of money and was willing to accept the amount he then requested in settlement of his claim for all payments then past due. "When no element of estoppel exists (and none here does) an extrajudicial admission is not conclusive upon the party making it or to whom it is attributable." 22 C. J. 417. Such an admission is "but an item of evidence and is therefore not in any sense final or conclusive. The opponent, whose utterance it is, may none the less proceed with his proof in denial of its correctness; it is merely an inconsistency which discredits, in a greater or less degree, his present claim and his other evidence." 2 Wigmore on Evidence (2 Ed.), section 1059, which must be read in connection with section 1058; Parker v. McNeill, 12 Smedes & M. 355; Prewett v. Cooperwood, 30 Miss. 369; Johnson v. Stone, 69 Miss. 826, 13 So. 858.

The evidence introduced by the appellee, over the appellant's objection, consisted of a number of letters written by him to the appellant, in which he stated that he was still disabled and requested forms on which to make

proof thereof, some of which were written in reply to letters from the appellant. The letters merely stating the appellee's disability and requesting forms for 'proof thereof' were competent, but one of his letters was not— that letter was written to the appellant's president on July 1, 1932, and contains this statement: "On May 7, 1929, your company offered me a compromise of one hundred; seventy dollars in full for my disability claim, but I felt that it was not a fair compromise, I refer you to Mr. Roy M. Jones letter of May 7, 1929." Jones was the appellant's secretary. The offer to compromise here set forth contains no admission of liability on the part of the appellant, except such as might be implied from the making of the offer. It therefore was not admissible in evidence. Garner v. Myrick, 30 Miss. 448; Dufour v. Chapotel, 75 Miss. 656, 23 So. 387; Houston v. Keith, 100 Miss. 83, 56 So. 336. The appellant's liability was vigorously contested by it, and on the evidence, as hereinbefore said, was a question for the jury. The admission of this offer to compromise, therefore, was prejudicial to it, and may have turned the scale in the appellee's favor. For this error, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.