GRENADA BANK *v.* PETTY.

(Division A.  Dec. 2, 1935.)

[164 So. 316.  No. 31919.]

Cooper & Thomas, of Indianola, **Watkins & Eager**, of Jackson, and **R. H. Nason**, of Belzoni, for appellant.

**Allen & Allen,** of Indianola, for appellee.

Argued orally by **W. H. Watkins** and **Forrest Cooper**, for appellant, and by **B. B. Allen,** for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant is a domestic corporation domiciled in Grenada county, but has a branch bank in Humphreys county. An employee of the appellant instituted a criminal prosecution in Humphreys county against the appellee. The appellee was arrested at his residence in Sunflower county. He appeared before the court in Humphreys county, where the cause was tried, resulting in appellee's acquittal. Thereafter, he sued the appellant in Sunflower county for malicious prosecution, charging that the appellant was responsible for the act of its employee in instituting a prosecution against him. The appellant appeared in response to a summons, and filed a plea to the merits of the cause. Thereafter, by permission of the court first had and obtained, it withdrew its plea to the merits, and filed one in abatement to the action, alleging that the venue of the action was not in Sunflower county. Issue was joined thereon, and it was tried by the court without a jury.

The evidence embodied the facts hereinbefore stated, and the court decided the issue against the appellant, declined to dismiss the cause, and proceeded with the trial, which resulted in a verdict and judgment for the appellee.

The first error assigned is the refusal of the court to sustain the plea in abatement and dismiss the cause. The appellee says that the right to file this plea in abatement was waived by the appellant when it filed its plea to the merits. Without pausing to ascertain whether this question was raised in the court below, we will say that while a defendant cannot as a matter of right plead in abatement after pleading to the merits of a cause, the court may, as was here done, confer that right upon him by granting him permission to withdraw his plea to the merits and plead in abatement. No claim is here made, and no fact appears, indicating that the court below abused its discretion in granting this permission. But

the appellee also says that the appellant admitted the jurisdiction of the court by filing its plea in abatement, and that it is bound thereby. Assuming, but solely for the purpose of the argument, that this is true, that fact would not bar the appellant from pleading the absence of venue. Batson & Hatten Lumber Co. v. McDowell, 159 Miss. 322, 131 So. 880. There is a difference between jurisdiction and venue. "Jurisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard." 67 C. J. 11. Cf. Catlett v. Drummond, 113 Miss. 450, 74 So. 323, and Arnett v. Smith (Miss.), 142 So. 478, and Id., 165 Miss. 53, 145 So. 638.

Should the plea in abatement have been sustained? The venue of actions against a domestic corporation is fixed by section 495, Code of 1930, which is, in part, as follows: "Civil actions of which the circuit court has original jurisdiction shall be commenced . . . if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided." No other statutory provision relative thereto has been called to our attention. The question is, did the appellee's cause of action occur or accrue in Sunflower county?

His contention is that an arrest is a material element of a cause of action for malicious prosecution, and therefore his cause of action occurred, or accrued, at least in part, in Sunflower county, where he was arrested. If an arrest is not a material element of a cause of action for malicious prosecution, as some courts hold, then no difficulty would be here presented, for then no part of the appellee's cause of action either occurred or accrued in Sunflower county. It will not be necessary for us to decide this question, for should we hold that an arrest is a material element of a cause of action for malicious prosecution the result, as will hereinafter appear, would be here the same.

The term "cause of action" may refer to (1) a right to institute and carry on an action, or (2) the facts giving rise to an action. Cox v. American Freehold & L. Mortgage Co., 88 Miss. 88, 40 So. 739. Does the term here refer to one or both, and if one only, to which? It manifestly refers to the first, for it is followed by the word "accrue," the meaning of which, in the language of the law, is "to come into existence as an enforceable claim; to vest as a right." Webster's New International Dictionary (2 Ed.), Accrue; Johnson v. Pyles, 11 Smedes & M. 189; Central Trust Co. v. Meridian Light & Railway Co., 106 Miss. 431, 63 So. 575, 51 L. R. A. (N. S.) 151; Graham McNeil Co. v. Scarborough, 135 Miss. 59, 99 So. 502; Atlantic Life Ins. Co. v. Serio, 171 Miss. 726, 157 So. 474; Amy v. City of Dubuque, 98 U. S. 470, 25 L. Ed. 228.

Does the use of the word "occur" indicate that the term here also refers to the facts giving rise to an action? In other words, does the word "occur" refer to the facts giving rise to a cause of action, and the word "accrue" to the coming into existence or the vesting of a right of action? The word "occur" is without technical import, and means "to meet one's eye; to be found or met with; to present itself; to appear; hence, to befall in due course; to happen." Webster's op. cit., Occur. If the word here means "to present itself, to appear," then it is synonymous with "accrue," for a cause of action appears when it comes into existence. When a cause of action accrues it becomes a right of action. It may be inaccurate to say that a right of action "may happen," but it would not be to say that it may present itself or appear. Bearing in mind that the statute is dealing with the right to begin and prosecute an action, the place where an action may be begun or prosecuted, to which the words "occur" and "accrue" here both refer; that the word "accrue" has a fixed legal meaning, i. e., to come into existence as an enforceable claim; to appear; and that one definition of the word "occur" as synonymous there-

with, it would seem that it should here be so defined. If it be said that when so defined the use of both words was unnecessary, the answer is that such use of the words is not infrequent and is in accord with the rules of speech. That the two words are here separated by the word "or" does not negative this conclusion. According to the grammarians, the word "or" may suggest an alternative, but it may also indicate an appositional relation of thought, i. e., it may separate words or phrases, the second of which is the equivalent, or is explanatory, of the first. Webster's op. cit., Or; 3 Bouv. Law Dict. (3 Ed.), Or. "While it primarily marks an alternative, the word 'or' may be used to express an alternative of terms, definitions, or explanations of the same thing in different words, introducing a synonym for the preceding term; and in this sense the term may be construed as having the same meaning as . . . 'being,' 'otherwise,' 'otherwise called,' 'that is,' 'that is to say,' 'to-wit.' " 46 C. J. 1125; Lewis' Sutherland Statutory Construction (2 Ed.), section 397.

To which of the definitions of a cause of action the word "occur" would refer if used alone is not before us, for it is here used in connection with the word "accrue," and it is hardly probable that the Legislature meant for them to refer to separate and distinct things. Few of the numerous cases cited by counsel construing statutes of other states are of value here, and none of them are of such character as should cause us to pause before proceeding to the conclusion at which we have arrived.

One of the material elements of a cause of action for malicious prosecution without which no cause of action therefor comes into existence is the termination of the prosecution complained of in favor of the defendant. The appellee therefore became vested with a right of action for malicious prosecution when but not until the prosecution he complains of terminated in his favor. This did not occur in Sunflower, but in Humphreys county.

Masonite Corporation v. Burnham, 164 Miss. 840, 146 So. 292, 91 A. L. R. 752, is not in conflict, but is in accord, herewith. Jones county is separated into two judicial districts; one designated in the court's opinion as the Ellisville district, and the other as the Laurel district. A creek flows through both districts, and by Burnham's land, which was situated in the Ellisville district. The Masonite Corporation, a foreign corporation doing business in the Laurel district, polluted the waters of this creek in the Laurel district, which damaged Burnham's land in the Ellisville district and interfered with his use thereof. Burnham sued the Masonite Corporation therefor in Ellisville district. The court said that the action could be maintained in either district, but it is clear that what was meant thereby was that the action could be maintained in the Laurel district for the reason that the corporation was doing business there; and that it could be maintained in the Ellisville district for the reason that the cause of action accrued there.

The court below should have sustained the appellant's plea in abatement and dismissed the cause without prejudice to the right of the appellee to institute another action. The judgment will be reversed, and the judgment which should have been rendered will be rendered here.

So ordered.