RODGERS, Justice:
This is a suit by Peggy Loriene Knight-en Castle against her former husband, Jefferson B. Knighten, in the Chancery Court of Clarke County, Mississippi. It was brought for the purpose of removing a *422 cloud upon the title to certain lands located in Clarke County, Mississippi.
The original bill of complaint sought to set aside and hold for naught a certain mineral deed given by the appellee to appellant on March 31, 1962. It is alleged that the deed was given to the appellant pursuant to a mutual agreement between the parties in their divorce suit in Jackson County, Mississippi, but it alleged that the agreement was not carried out and the deed should be cancelled as a cloud upon the title of the complainant, appellee here.
The defendant filed a demurrer to the bill of complaint alleging that there was no equity upon the face of the bill, that the court was without jurisdiction, and that the bill did not state a cause of action.
The demurrer was overruled; whereupon, appellant filed an answer to the bill of complaint repeating the grounds set out in the demurrer and alleging that the decree of the Chancery Court of Jackson County, Mississippi, had the same operation and effect as a conveyance under the terms of Section 1376 Mississippi Code 1942 Annotated (1956) and that the action was barred by Section 733 Mississippi Code 1942 Annotated (1956), and denied that there was a cloud upon the title claimed by complainant. The case was tried upon the testimony of complainant. The defendant offered no evidence to deny the allegations of the original bill. The court held that the deed executed by the complainant was a cloud upon her title and held that she was entitled to a one-eighth (⅛) undivided interest in the minerals on the land in question.
The evidence shows that, in fact, the ap-pellee, Mrs. Castle, and her former husband, Jefferson B. Knighten, owned an undivided one-fourth (¼) interest in the minerals in the property described in the original bill at the time appellant and ap-pellee were divorced by decree of the Chancery Court of Jackson County, Mississippi. The parties agreed to divide their interest so that each party would thereafter own a one-eighth (⅛) interest in the minerals on the land. This agreement was incorporated in the divorce decree in which it was required that each party would deed a one-eighth (⅛) interest to the other party.
After the decree was entered on March 30, 1962, the appellee made a deed to the appellant but appellant failed to comply with the agreed decree of property settlement by executing to the appellee a deed to a one-eighth (⅛) interest in the minerals. The bill to remove cloud was filed on December 8, 1969, seven years and nine months after the divorce decree was entered in Jackson County, Mississippi.
The first issue, therefore, is to determine whether or not an action could be brought in any court in this state. It is contended that Section 733 Mississippi Code 1942 Annotated (1956) bars the action. The pertinent part of this section is as follows:
All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; * * *.
The deed given by the appellee to the appellant was made after the divorce decree was entered. The original bill now before the Court does not attack the divorce decree and is not founded upon the decree. It is, rather, an original bill to remove a cloud upon the title owned by the appellee before the divorce was granted. The deed had no consideration except appellant’s promise stated in the divorce decree to deed to appellee a one-eighth (⅛) interest in the property. We hold, therefore, that Section 733 Mississippi Code 1942 Annotated (1956) is not applicable to the facts in this case.
It is next contended that Section 1376 Mississippi Code 1942 Annotated (1956) operated to convey the title to a one-eighth (⅛) interest in the minerals *423 here involved and that the deed from ap-pellee to appellant is, therefore, not a cloud upon the title of appellee. Section 1376 Mississippi Code 1942 Annotated (1956) is in the following language:
When a decree shall be made for a conveyance, release or acquittance, or other writing, and the party against whom the decree is made shall not comply therewith, then such decree shall be considered and taken in all courts of law and equity to have the same operation and effect, and shall be as available, as if the conveyance, release, or acquittance, or other writing had been executed in conformity to the decree; or the court may appoint a commissioner to execute such writing, which shall have the same effect as if executed by the party.
It is not necessary for us to decide this issue because, if the argument of the appellant is correct, the appellee is, nevertheless, entitled to have the claim of the appellant to the mineral interest in the land alleged to have been conveyed by such a decree cancelled inasmuch as her interest is denied by the appellant.
The paramount issue raised by the appellant’s brief on appeal is whether or not the Chancery Court of Clarke County, Mississippi, had jurisdiction to try the action brought to cancel the claim of the appellee to a one-eighth (⅛) interest in the minerals in the land alleged to belong to the ap-pellee-complainant.
The appellant contends that the action now before the Court is the outgrowth of a decree in the Chancery Court of Jackson County, Mississippi, and that the Chancery Court of Clarke County, Mississippi, has no jurisdiction to change, “tamper with or modify” the final decree of the Chancery Court of Jackson County, Mississippi. It is argued that the instant suit is a collateral attack upon the decree of a court of equal jurisdiction and is an effort to set aside the divorce decree as to the property and to reestablish the “status quo,” giving the parties their undivided one-fourth (¼) interest in the minerals.
The argument of the appellant is, in fact, directed toward venue rather than jurisdiction because the chancery court in both counties has jurisdiction of land matters. Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316 (1935).
There are several sections of our Mississippi Code dealing with the matter of filing suit with reference to land. See Griffith’s Mississippi Chancery Practice § 208 (1925). The issue before the Court in the instant case is not an attack upon the decree of the Chancery Court of Jackson County, Mississippi. The appellee, as complainant in the present suit, is not trying to modify the divorce decree; she is simply saying that, although we agreed to a property settlement and the agreement was incorporated in a decree of the Chancery Court of Jackson County, Mississippi, giving the appellee at least the equitable title, the defendant is still claiming the entire interest in the minerals in the land there settled. In order to cancel the claim of the appellant to the interest belonging to appel-lee, it became necessary to bring suit. The question then is where should she have brought her suit to cancel his claim.
Obviously, the chancery court has jurisdiction to entertain the suit (Section 1324 Mississippi Code 1942 Annotated [1956]), and such suit must be filed in the county where the land, or some part thereof, is situated. The pertinent part of Section 1274 Mississippi Code 1942 Annotated (1956) is in the following language:
Suits to confirm title to real estate, and suits to cancel clouds or remove doubts therefrom, shall be brought in the county where the land, or some part thereof, is situated; * * *.
We are of the opinion that the suit to cancel the claim of the appellant to the interest of the appellee in the minerals on land located in Clarke County, Mississippi, *424 was properly filed in the Chancery Court of Clarke County, Mississippi.
We hold, therefore, that the decree of the chancery court cancelling the claim of the appellant to the one-eighth (⅛) interest of the appellee, Peggy Loriene Knighten Castle, to the minerals in the described land, is correct and should be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.