James B. MOSES, Plaintiff,

v.

Jackie FLANAGAN, President of the Board of Trustees of the Attala County School District, Charles Fancher, Ken Breazeale, Aubrey Veasley and Hubert Flemings, All Members of the Board of Trustees of the Attala County School District; James A. Edwards, Superintendent of Attala County School District, Jerry D. Redmond, Principal of McAdams High School, in Their Official Capacities, Defendants.

No. EC89–159–S–D.

United States District Court, N.D. Mississippi, E.D.

Dec. 21, 1989.

Frederick B. Clark, Greenwood, Miss., for plaintiff.

Clarence E. Morgan, III, Morgan and Morgan, Kosciusko, Miss., Perry Sansing, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendants.

## OPINION

SENTER, Chief Judge.

This action was brought pursuant to 42 U.S.C. § 1983 for violation of due process and equal protection rights. The plaintiff contends that his constitutional rights were violated when he was terminated from his position as a teacher in the Attala County public school system. The case is presently before the court for consideration of the defendants' motion for summary judgment.

## FACTS

The plaintiff had been a teacher for more than 20 years[1] when he was notified on April 6, 1988, by Principal Jerry Redmond and Superintendent James Edwards that his contract would not be renewed for the following school year. The reason given for the nonrenewal was excessive tardiness. The plaintiff then requested and was given a hearing before an impartial hearing officer. Prior to the hearing, the school board gave the plaintiff a written statement of the reasons for nonrenewal and a list of facts that the school board intended to prove at the hearing in support of the decision not to rehire the plaintiff. At the hearing the plaintiff was represented by counsel, was allowed to present witnesses in his behalf, and was allowed to cross-examine witnesses for the school board. At the conclusion of the hearing, the hearing officer presented his written report to the school board. In this report, the hearing officer expressly found that the nonrenewal was: "1. a proper employment decision; 2. supported by substantial evidence; 3. was [sic] not arbitrary or capricious; and 4. was [sic] not in violation of some statutory or constitutional right of Mr. Moses."

On June 6, 1988, the school board voted not to renew the plaintiff's contract after reviewing the hearing officer's report and allowing the plaintiff to argue his case. The plaintiff was notified of this decision on June 10, 1988. The plaintiff then appealed the school board's decision to the Chancery Court of Attala County. The defendant in the Chancery Court action was the Attala County School District. In his appellate brief, the plaintiff argued that he had been denied due process when documents were introduced during the hearing which had not been provided to him five days prior to the hearing date as he contends state law required. He also argued that his due process rights were violated when Principal Redmond stated that there was nothing that the plaintiff could do to change his mind about the decision not to renew, even though Mr. Redmond admitted that at that point he had not completed his evaluation of the plaintiff's performance. The plaintiff further contended that the decision not to renew his contract violated his rights under the Equal Protection Clause because there were other teachers who were late for work but who were not terminated as a result.

In a written opinion, the chancellor stated that it was his duty to "determine if: (1) the decision of the hearing officer was supported by substantial evidence; (2) the decision of the hearing officer was arbitrary or capricious; (3) the decision of the hearing officer was in violation of some statutory or constitutional right of the employer [sic]." The chancellor then affirmed the decision of the hearing officer.

Approximately one year later, the plaintiff filed the present action, contending that he had been fired in violation of his due process and equal protection rights, state law, and his employment contract. Named as defendants are the members of the Board of Trustees of the Attala County School District, Superintendent Edwards, and Principal Redmond. Each of the defendants is sued in his official capacity only. The defendants seek summary judgment on the ground that the plaintiff is barred from raising these claims in this

---

1. Only seven of those years had been spent in the Attala County school system.

court by the doctrine of *res judicata*. The plaintiff has not filed any response to the motion.

## ANALYSIS

■ The governing rule of law is supplied by federal statute.

> The records and judicial proceedings of any court of any ... State, Territory or Possession ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Even when the claims which the defendant contends should be barred are federal claims, a prior state court ruling is given the same preclusive effect in a subsequent federal court action as it would be given by the courts of the state in which the prior ruling was entered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 84–85, 104 S.Ct. 892, 897–98, 79 L.Ed.2d 56 (1984). The Court expressly held in *Migra* that where a terminated school employee had brought suit in state court against the school board for wrongful termination, raising only state law claims, and that suit proceeded to judgment, the employee would be barred from raising constitutional claims under § 1983 in federal court concerning the termination, if such claims would be barred under the *res judicata* rules of the state in whose court the original action was brought.

■ In Mississippi the doctrine of *res judicata* bars the relitigation of

> "all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit," provided of course that the four identities of res judicata are present. They are: (1) identity of the subject matter of the action: (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

*Riley v. Moreland*, 537 So.2d 1348 (Miss. 1989) (quoting *Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So.2d 749, 751 (Miss.1982)). The constitutional claims raised by the plaintiff in the instant action are identical to those presented to both the hearing officer and the chancellor. They were decided adversely to the plaintiff by both of those officials. The central question in the administrative hearing and the Chancery Court of Attala County was whether the nonrenewal was a violation of state law. This question was also resolved against the plaintiff. Thus, the plaintiff's state law claims either were or should have been litigated and decided in the state court action. Therefore, the question presented by the defendants' motion is whether the four identities are present in this case.

### A. Identity of Subject Matter

The subject matter of both this § 1983 action and the plaintiff's appeal to the Chancery Court is the termination of his teaching contract with the Attala County School District.

### B. Identity of Cause of Action

The initial step in resolving the question whether the causes of action in this suit and the suit heard and decided by the Chancery Court are identical is to arrive at an acceptable definition of "cause of action". This court is unable to find any case in which the Mississippi Supreme Court has defined the term in the context of a case in which it was applying the doctrine of *res judicata*. In another context, that court has stated, "The term 'cause of action' may refer to (1) a right to institute and carry on an action, or (2) the facts giving rise to an action." *Grenada Bank v. Petty*, 174 Miss. 415, 164 So. 316, 318 (1935). Other definitions of the term have been given by the United States Supreme Court.

> "A cause of action does not consist of facts, but of the unlawful violation of a right shown by the facts" *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 [ (1927) ]; "The same facts may manifest the violation of separate and distinct legal rights, each giving rise to a separate cause of action." *Brooks v. Arkansas–Louisiana*

*Pipe Line Co.,* (C.C.A.) 77 F.(2d) 965, 968 [8th Cir.1935].

*Ivy v. United States,* 84 F.2d 37, 39 (5th Cir.1936).

In more recent cases, the Mississippi Supreme Court appears to apply an understanding of the term "cause of action" that is more in line with that adopted by the Fifth Circuit. In discussing whether the identity of causes of action was present, that court has looked at the nature and source of the right alleged to have been infringed. *See Dunaway v. W.H. Hopper & Associates, Inc.,* 422 So.2d 749, 751 (Miss.1982). Under either of the definitions given above, it is clear that the causes of action asserted by the plaintiff in the instant case are identical to those which were raised by him in the Chancery Court action.

### C. Identity of Parties

As noted above, the suit in Chancery Court was between the plaintiff in this action and the Attala County School District. The named defendants in the case *sub judice* are the individual school board members, the principal, and the superintendent. However, as also noted earlier, the defendants are sued in their official capacities only. Suits against government officials in their official capacities are suits against the governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Furthermore, Mississippi does not require exact identity of the parties. A finding that there is privity between the parties to be declared "identical" will suffice. *Walton v. Bourgeois,* 512 So.2d 698, 700 (Miss. 1987). "It is also a general principle of the law of preclusion that state officials are, as a matter of law, in privity with the agency or department in which they serve." *Schuster v. Martin,* 861 F.2d 1369, 1373 (5th Cir.1988). Officials of the school district are clearly in privity with the school district. Therefore, the necessary identity of the parties is present.

### D. Identity of Quality of Person Against Whom Claim Is Made

To determine whether this identity is present, the court must look at the capacities in which the parties to the two actions either sued or were sued. The court has already determined that this action against school officials in their official capacities is a suit against the school district. The capacity in which the school district is being sued in this action is the same capacity in which it appeared in the Chancery Court action.

### CONCLUSION

All four identities necessary to the operation of the doctrine of *res judicata* are present. The issues and claims raised in this case either were or should have been raised and decided in the prior action in Chancery Court. Therefore, the defendants are entitled to summary judgment that the instant suit is barred by *res judicata.* An appropriate order will be entered.