Clivis BRELAND, Jr.,
Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF PERRY COUNTY, MS, et al.,
Defendants-Appellees.

Michael WADE, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF PERRY COUNTY, MS, et al.,
Defendants-Appellees.

No. 83-4599
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 1984.

Parsons & Matthews, Jack Parsons, Eddy Parsons, Wiggins, Miss., for plaintiff-appellant.

T. Jack Riley, Gerald Wayne Hynum, Hattiesburg, Miss., for defendants-appellees.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This is a consolidated action brought under 42 U.S.C. § 1981 by two former athletic coaches who allege that they were wrongfully discharged for racial reasons by the Board of Education of Perry County, Mississippi (Board). The suits against the Board and its members individually and in their official capacities were dismissed by the District Court. Because we agree that the most analogous Mississippi statute of limitations requires that actions alleging

discriminatory termination under § 1981 be brought within one year, we affirm.

Plaintiffs are two coaches who were fired on November 14, 1978 because they refused to accept demotions or reassignments, which they allege were racially motivated. They filed their action under § 1981, in December 1982. The District Court held that the one year limitation period of § 15–1–29, Miss.Code Ann. as amended in 1976 was applicable, and granted defendants' motion to dismiss.

There is no federal statute of limitations for § 1981 actions, but the Supreme Court of the United States has held that the controlling statute of limitations is the "most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). As this Circuit has noted previously, we are to find "refuge in analogous state limitations provisions." *Ingram v. Steven Robert Corp.*, 547 F.2d 1260, 1264 (5th Cir.1977).

Our decision is directly controlled by our holding in *White v. United Parcel Service*, 692 F.2d 1 (5th Cir.1982). There we held that "the one-year statute of limitations in § 15–1–29 applies to causes of action alleging discriminatory terminations brought under § 1981." *Id.* at 3.

Section 15–1–29 provides:

> Except as otherwise provided in the Uniform Commercial Code, actions on an open account or accounts stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, <u>except that an action based on an</u> <u>unwritten contract of employment shall</u> <u>be commenced within one (1) year next</u> <u>after the cause of such action accrued,</u> <u>and not after.</u>

The underscored portion was added by amendment in 1976. In *White*, we reasoned that

"the decision of the Mississippi Legislature to add the last clause [to § 15–1–29] ... evidences an attempt by the Legislature to provide the specific limitation statute 'for actions analogous to actions based on racial discrimination in employment'...."

\*     \*     \*     \*     \*     \*

The Mississippi Supreme Court has also recognized that § 15–1–29 applies to § 1981 actions.[1] In *Brantley v. Surles*, 404 So.2d 1013 (Miss.1981), the court affirmed the dismissal of a suit which alleged a job termination in violation of the plaintiff's due process rights. The lower court granted a demurrer which was based, *inter alia*, on the amended version of § 15–1–29. A discharge allegedly violating constitutionally protected due process rights is likely to be the most analogous case to a discharge in violation of § 1981 which will be addressed by the Mississippi Supreme Court, since Mississippi has no state fair employment practices law. In another recent case, the Mississippi Supreme Court again implicitly recognized that the amended version of the statute of limitations applied to a "suit by employees to obtain reinstatement, or damages for wrongful termination of employment." *Avery, Shanks & Waltman, Inc. v. Giordano-Kirby Insurance Agency, Inc.*, 404 So.2d 1036, 1037–38 (Miss.1981). The present action contests Ms. White's alleged wrongful termination. Thus, it is squarely within the language of *Avery*.

*Id.* at 2–3.

Accordingly, *White* held inapplicable our prior decisions in which the wrongful discharge occurred prior to July 1, 1976. *See, e.g., Truvillion v. King's Daughters Hospital*, 614 F.2d 520 (5th Cir.1980) (adopting the catch-all statute of limitations for a discrimination in hiring case); *Cousin v. Board of Trustees*, 648 F.2d 293 (5th Cir. 1981).

*United States v. Georgia Power Co.*, 474 F.2d 906, 923 (5th Cir.1973).

---

1. "We must look ... to state court interpretations of the state's 'statutory catalog' to see where the claim fits into the statutory scheme."

In addition to *White*, this Court has also affirmed a decision reaching the same result in a claim (such as this one) brought by a black public school faculty member under § 1981 against school board members individually and in their official capacities alleging discrimination in work assignments and seeking reinstatement, backpay, and damages. *Jones v. Birdsong*, 530 F.Supp. 221 (N.D.Miss.1980) *aff'd* 679 F.2d 24 (5th Cir.1982), *reh. den.*, 683 F.2d 417, *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1186, 75 L.Ed.2d 433 (1983). *Accord Jordan v. Lewis Grocer Co.*, 467 F.Supp. 113 (N.D. Miss.1979).

Because the foregoing decisions are so closely on-point, we find inapposite plaintiffs' citation to *Morrell v. City of Picayune*, 690 F.2d 469 (5th Cir.1982), which applied Mississippi's six year catch-all statute of limitations. *Morrell* was a claim under § 1983 in which the plaintiff complained that police brutality deprived him of "his constitutional right to freedom from physical abuse and intimidation."

Because this is a case of wrongful termination based on race, rather than physical abuse or injury, we apply *White* rather than *Morrell*.

AFFIRMED.