**Peggy GATES, Plaintiff,**

**v.**

**James Gordon WALKER, in his official capacity as Superintendent of Education of the Hattiesburg Municipal Separate School District, Johnny Dupree, in his official capacity as a member of the School Board of the Hattiesburg Municipal Separate School District, Dr. Jeff Bowman, in his official capacity as a member of the School Board of the Hat-**

---

tiesburg Municipal Separate School District, Dr. Charlotte Tullos, in her official capacity as a member of the School Board of the Hattiesburg Municipal Separate School District, Kathryn Jones, in her official capacity as a member of the School Board of the Hattiesburg Municipal Separate School District, Dr. Ralph Noonkester, in his official capacity as a member of the School Board of the Hattiesburg Municipal Separate School District and Dr. Sam Spinks, individually, Defendants.

No. 2:90–cv–128WS.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Sept. 12, 1994.

Jack Parsons and Rebecca C. Taylor, Wiggins, MS, for plaintiff.

J. Perry Sansing, Jackson, MS, and Moran M. Pope, III, Hattiesburg, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the defendants' motion for summary judgment filed under Rule

56(b),[1] Federal Rules of Civil Procedure. The plaintiff, Peggy Gates, a school teacher, brings this action pursuant to 42 U.S.C. §§ 1983[2] and 1988[3] alleging that the defendants have violated her constitutional right of free speech guaranteed under the First Amendment[4] to the United States Constitution by not renewing her teaching contract on account of her active and outspoken criticisms of her superintendent and school board. Defendants, the Superintendent and the Board of Trustees of the City of Hattiesburg Municipal Separate School District, deny plaintiff's charge and ask this court to dismiss this case, alleging, *inter alia,* that this action is barred by principles of res judicata and collateral estoppel. Specifically, defendants contend that plaintiff raised the claims herein in an earlier lawsuit in federal court. That lawsuit, argue defendants, was dismissed under the statute of limitations; therefore, say the defendants, the dismissal of that earlier lawsuit operates as an adjudication on the merits of the plaintiff's complaint now before the court. The defendants also contend that plaintiff's First Amendment claims were affirmatively raised, heard and

ruled on by the Mississippi Supreme Court in an opinion adverse to plaintiff, a circumstance which additionally warrants this court to dismiss this action, say defendants. Having studied the submitted memoranda and pleadings and having heard the arguments of counsel, this court is persuaded that the defendants' motion for summary judgment should be granted for the reasons which follow.

## I. PARTIES AND JURISDICTION

The plaintiff in this action is Peggy Gates of Hattiesburg, Mississippi, a schoolteacher with the Hattiesburg Municipal Separate School District. The defendants are the members of the Board of Trustees in their official capacities: Johnny Dupree, Dr. Jeff Bowman, Dr. Charlotte Tullos, Kathryn Jones, and Dr. Ralph Noonkester. The current Superintendent, James Gordon Walker, is sued in his official capacity, and the former superintendent, Dr. Sam Spinks, is being sued in his individual capacity. The court's jurisdiction is predicated upon Title 28 U.S.C. §§ 1331[5] and 1343(a)(3).[6]

1. Rule 56(b), Fed.R.Civ.P. provides:
   (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. Title 42 U.S.C. § 1983 provides in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Title 42 U.S.C. § 1988(b) states:
   (b) Attorney's fees
   In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

4. U.S. Const. amend. I provides:

   Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
   Of course, the First Amendment applies to the States through the Fourteenth Amendment of the United States Constitution. *Edwards v. South Carolina,* 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963).

5. Title 28 U.S.C. § 1331 provides:
   The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States.

6. Title 28 U.S.C. § 1343(a)(3) provides:
   (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

## II. *FACTS*

### A. *Plaintiff's State Court Action*

Plaintiff served as a schoolteacher within the Hattiesburg Municipal Separate School System for eighteen years. She spent six (6) years teaching third grade students; a total of eight (8) years teaching fourth, fifth and sixth grade students; and four (4) years teaching eighth grade students. She also was a member of and served as an officer with the Hattiesburg Association of Educators (HAE). She was a member of the Mississippi Association of Educators (MAE) and was elected by her fellow teachers to represent her school on the Professional Affairs Committee, a liaison group between teachers and the school administration. Plaintiff actively participated in the HAE, MAE, and Professional Affairs Committee in promoting improvements in her profession.

Plaintiff's school principal and supervisor, Pricilla Walker, refused to recommend plaintiff for reemployment for the 1981–82 school year. As grounds for this refusal, Ms. Walker asserted that the plaintiff: (1) possessed inadequate and/or improper classroom instructional skills; (2) had excessive absences from the classroom; (3) had refused to abide by school policy with respect to leaves of absence; and (4) had exhibited unprofessional conduct.[7]

The plaintiff then challenged Walker's recommendation for non-reemployment through the administrative hearing process,[8] proclaiming that her 1981 teaching contract had not been renewed because she had antagonized the defendants on numerous occasions by openly criticizing the policies of the superintendent and school board. In due course, plaintiff appeared before an Administrative Hearing Officer who permitted both sides to present and argue the facts. At that administrative hearing, plaintiff expounded on her charges, claiming that she had incurred the wrath of the former superintendent, Dr. Sam Spinks, and the Board when, as chairperson of a grand jury in Forrest County, she had led an investigation of the Hattiesburg Municipal Separate School District; when as head of the Hattiesburg Association of Educators she had requested the State Performance Evaluation and Expenditure Review (PEER) Committee[9] to investigate the contractual agreements between the teachers and the Hattiesburg Municipal Separate Schools; when she had expressed displeasure with the grading and promotional policies of the school; and when on the Professional Affairs Committee she had refused to accommodate the School Board's wishes for her to make a statement that no disciplinary problems existed in the school district. Plaintiff charges that these protected exercises of her constitutional right, and not her classroom or professional behavior, ignited the ire of the defendants and moved them to discharge her in hopes of quieting her confrontative voice.

The Hearing Officer, Hattiesburg attorney Frank Montague, was not sympathetic to plaintiff's position. He found that, as a matter of law, any one of the four charges against plaintiff served as an adequate basis to support plaintiff's dismissal. He found that the evidence supporting these charges was substantial and that plaintiff's criticisms of the Board were not the cause of her non-renewal. The Hearing Officer even cited several instances to show that instead of plotting plaintiff's occupational destruction, Dr. Sam Spinks had actually tried to save the plaintiff's teaching position. In sum, the Hearing Officer concluded that the plaintiff's constitutional and statutory procedural rights had not been violated. After a review of the Hearing Officer's findings, the Board of Trustees followed the recommendation of the Hearing Officer and refused to rehire the plaintiff for the 1981–82 school year.

---

7. For a summary of the basis for these charges and plaintiff's rebuttal, see *Board of Trustees of the Hattiesburg Mun. Separate School Dist. v. Gates*, 461 So.2d 730 (Miss.1984).

8. School teachers and principals whose employment contracts are not renewed by the School Board are entitled to a hearing wherein they may present evidence and be represented by counsel. *See* Miss.Code Ann. § 37–9–111.

9. The establishment of the Joint Legislative Committee on Performance Evaluation and Expenditure Review in 1973 is codified at Mississippi Code Annotated § 5–3–51 et seq. (1972).

Plaintiff appealed the decision of the Board of Trustees to the Forrest County Chancery Court in an action naming the Hattiesburg Municipal Separate School District as defendant. The Forrest County Chancellor, Honorable Michael D. Sullivan, found that the defendant therein had not violated any of plaintiff's procedural rights guaranteed under the School Employment Procedures Law of 1977, Miss.Code Ann. § 37-9-101 to 37-9-113 (1990).[10] Nevertheless, the Chancellor reversed the Board's decision on two grounds: (1) that under the local school district rules of the Hattiesburg Municipal Separate School District, the School District had failed to meet its own imposed burden of proof to show that non-reemployment was rationally related to some legitimate, educational interest of the District; and (2) that the School District had violated plaintiff's federal and state constitutional rights of free speech. Relative to this latter holding, the Chancellor found that Dr. Sam Spinks had retaliated against the plaintiff by not recommending her for reemployment because he did not approve of the manner in which plaintiff had exercised her constitutional right of free speech. The Chancellor then reversed the Board's decision not to reemploy the plaintiff and ordered plaintiff reinstated for the 1981–82 school year.

The Board of Trustees appealed the Chancellor's decision to the Mississippi State Supreme Court. The Mississippi Supreme Court in *Board of Trustees of the Hattiesburg Mun. Separate School District v. Gates,* 461 So.2d 730 (Miss.1984), reversed the Chancellor and reinstated the findings of the Hearing Officer. The Mississippi Supreme Court held that the Hearing Officer was correct in his finding that the Board's decision not to reemploy the plaintiff was unrelated to the plaintiff's free speech activities. The Court stated:

Under the United States Supreme Court decisions, non-renewal of a teacher's contract predicated upon a teacher's exercise of First Amendment rights of free speech has been prohibited. *Perry v. Sinder-*

*mann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In the *Mt. Healthy* case, *supra,* the Supreme Court stated that the burden of proof was on the teacher to show that the conduct was constitutionally protected and that such conduct was a substantial factor in the Board's decision. If the teacher meets this initial burden, then the board must show by a preponderance of the evidence that it would have made the same decision as to the teacher's reemployment in the absence of the protected conduct.

Under state decisions, this Court has also addressed non-reemployment teacher cases in which constitutional rights allegedly were violated. In *Tanner v. Hazelhurst Municipal Separate School District,* [427 So.2d 977 (Miss.1983)] *supra,* this Court stated that:

"Initially the burden [of proof] is placed on the teacher to show that his conduct was constitutionally protected, and that such conduct was a 'substantial factor' in the board's decision not to rehire." Once the teacher has carried that burden, the board must show by a preponderance of the evidence that it would have made the same decision as to the teacher's reemployment even in the absence of the protected conduct." * (Citing *Mt. Healthy City School District Board of Education, supra*). See also *Calhoun County Board of Education v. Hamblin,* [360 So.2d 1236 (Miss.1978)] *supra.*

\* \* \* \* \* \*

The decision not to reemploy Gates was made not because of her activities, but rather for her disregard of school policy in taking leave without permission. The underlying reasons for the denial of leave are not relevant; only the fact that she left without permission is relevant. This reasoning supports the proposition that the constitutionally protected activities were

---

10. This law essentially establishes procedures for providing public school employees with notice of the reasons for nonrenewal of contracts, provides an opportunity for employees to present evidence

in defense of negative employment decisions, but does not establish a system of tenure or require that all decisions of non-reemployment be based upon cause. *See* Miss.Code Ann. § 37-9-101.

not a "substantial factor" in the nonreemployment decision, as well as for the proposition that Gates would not have been reemployed anyway because of her insubordination in leaving without permission. The Board of Trustees is required by statute to make the ultimate employment decision on all teacher dismissal and non-renewal cases. If there is any credible evidence to sustain the decision of the administrative body's finding of facts, then those findings should not be overturned, even on conflicting evidence.

The administration offered substantial and credible evidence of reasons why it recommended non-renewal of Mrs. Gates. Since Mrs. Gates is nontenured, that finding of fact by the School Board must be respected.

*Board of Trustees of the Hattiesburg Mun. Separate School Dist. v. Gates,* 461 So.2d 730, 737–38 (Miss.1984).

## B. *Plaintiff's Initial Federal Lawsuit*

The plaintiff also brought an action in the United States District Court for the Southern District of Mississippi under 42 U.S.C. § 1981 [11] against Dr. Sam Spinks, individually, and in his official capacity as Superintendent of Hattiesburg's public schools, and against the Board of Trustees of the Hattiesburg Municipal Separate School District, in their official capacities. In that lawsuit, plaintiff alleged that the Board had discharged her from her position as a teacher in retribution for her exercise of rights protected by the First Amendment. The defendants moved for summary judgment, asserting that the plaintiff's claim was not timely brought within the one-year period provided by Miss.Code Ann. § 15–1–29 (1993) for actions on unwritten contracts. The United States District Court, relying on Fifth Circuit authority, *White v. United Parcel Serv.,* 692 F.2d 1 (5th Cir.1982), and *Breland v. Board of Educ.,* 729 F.2d 360 (5th Cir.1984), granted the defendants' motion.

Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit. Before that Court, she argued that her claim should have been governed not by § 15–1–29, but by the six-year period provided by Miss. Code Ann. § 15–1–49 (1972). The Fifth Circuit disagreed. The Court first found the case to be more analogous to a claim under § 1983 than § 1981. Then, relying on the case of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), a United States Supreme Court case addressing the matter of proper limitations for § 1983 causes of action, the Fifth Circuit concluded:

We have considered the argument that *Wilson* directs selection of a time limitation for a general remedy rather than a particular remedy and because the Mississippi one-year statute of limitations, section 15–1–49, has more general application, it should apply. The six-year statute (section 15–1–49) is more general in the sense that it is a general residual statute that applies to a broad class of actions—tort, contract or statutory—not otherwise provided for. With respect to tort personal injury actions, however, the six-year residual statute has no more general application than the one-year statute so we are relegated to making the selection on some other basis. The other criteria we find helpful in making this selection are the Court's instructions in *Johnson v. Railway Express Agency, Inc.,* [421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)], and *Board of Regents v. Tomanio,* [446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)], that we adopt the most "appropriate" state limitation period or the limitation governing the most "analogous" state cause of action. Most 1983 actions are predicated on intentional rather than negligent acts. Also, as stated above, 1983 was enacted for the purpose of redressing injuries from intentional misconduct. It follows that the 1983 action is more analogous

11. Title 42 U.S.C. § 1981(a) provides:
    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

to intentional torts governed by the one-year prescriptive period provided by Miss. Code Ann. § 15–1–35 and we conclude that all section 1983 actions filed in Mississippi are governed by that statute. Because plaintiff concedes that her suit was not filed within one year of the accrual of her cause of action, her claim is time barred. *Gates v. Spinks*, 771 F.2d 916, 920 (5th Cir. 1985), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986). This appeared to be the end of the plaintiff's case.

### C. *The Case Sub Judice*

However, the issue regarding the applicable state statute of limitations for § 1983 claims was raised again, this next time before the United States Supreme Court in 1989. The United States Supreme Court in the case of *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), held that the general or residual personal injury statute of limitations rather than the statute enumerated for intentional torts applied to § 1983 actions. This ruling modified the Supreme Court's previous decision in *Wilson v. Garcia, supra.* Moreover, the ruling was contrary to the decision of the Fifth Circuit in *Gates v. Spinks*, wherein the Fifth Circuit had applied § 15–1–35, Mississippi's one-year statute of limitations for intentional torts, to § 1983 actions. At the time *Owens* was decided, Mississippi's general residual statute of limitations was six years. Miss.Code Ann. § 15–1–49 (1972).[12] Contending that the holding in the *Owens* case has breathed new life in the corpus of her claims, the plaintiff filed this instant lawsuit, raising once again her claims earlier found to be time-barred in *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986).

### III. *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RESPONSE*

The defendants argue that this lawsuit should be dismissed because the thrust of

this action is blockaded by the principles of res judicata and collateral estoppel. According to defendants, a perusal of the Mississippi Supreme Court's opinion in *Gates*, 461 So.2d 730, makes the point. In that case, say the defendants, the Court addressed the same alleged violations of plaintiff's constitutional right of free speech as raised in this lawsuit. Hence, the defendants argue that this state court opinion, which ruled in favor of the school board, is binding on the parties in the present case under the theories of res judicata and collateral estoppel.

The defendants contend that plaintiff's lawsuit additionally is vulnerable to dismissal on account of the prior dismissal of the earlier federal lawsuit filed by the plaintiff, which, say defendants, urged the identical constitutional claims found in the case *sub judice.* In making this contention, defendants rely upon the case of *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (en banc), which holds that a dismissal of a § 1983 claim based on limitations grounds is a decision on the merits and bars a successive § 1983 action arising out of the same transaction and breach of the same duty. *Id.* at 563.

In case plaintiff should manage to parry the thrusts of res judicata and collateral estoppel, the defendants argue that plaintiff's claims at this date cannot be resurrected because *Owens* should not be applied retroactively. As mentioned earlier, *Owens* overturned the Fifth Circuit's *Gates* decision which borrowed for § 1983 actions Mississippi's one-year statute of limitations for intentional torts. Unless *Owens* has a retroactive reach, say defendants, the dismissal of plaintiff's claims under the prior Fifth Circuit law announced in *Gates* should not be disturbed. Defendants remind the court that a brother judge in this district already has addressed the issue of retroactivity in *Johnson v. Madison County*, 714 F.Supp. 805, 807 (S.D.Miss. 1989) (Barbour, J.), and has held that *Owens* should not be applied retroactively. Pleased with the ruling, defendants champion the ruling in *Johnson* as congruent with the test

---

**12.** Since this cause of action accrued prior to July 1, 1989, the applicable statute of limitations in this case is § 15–1–49 with its six-years cap. Pursuant to an amendment, the statute governing

the general residual statute of limitations now provides for a three-year statute of limitations effective from and after July 1, 1989. *See* Miss. Code Ann. § 15–1–49 (ed. note) (Supp.1994).

enunciated in the case of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), for the retroactive application of case holdings.

Finally, the defendants allege that even if *Owens* is retroactive, Mississippi's general statute of limitations, § 15–1–49 which provides for a period of six years,[13] has now run since this cause of action accrued back on April 3, 1981. The defendants cite several cases in support of their argument that when Gates received written notification of the non-renewal, the cause of action accrued. *See Williams v. Conoco, Inc.*, 860 F.2d 1306, 1308 (5th Cir.1988) (holding that the limitations period runs upon notification that employee will be discharged). The defendants contend that no tolling provisions[14] apply here since any such would embrace only lawsuits "duly commenced within the time allowed." Further, the defendants argue that none of the four categories (death of party; any matter of form; arrest of judgment after verdict for plaintiff; or judgment for plaintiff reversed on appeal) mentioned in the "savings statute" of § 15–1–69 applies to the plaintiffs. Although the "savings statute" mentions an action dismissed "for any matter of form," the defendants contend that this pertains only to those actions not affecting the merits. Since the defendants contend that the federal dismissal was a ruling on the merits, they argue that the "savings statute" cannot save the action in this case. *See Ryan v. Wardlaw*, 382 So.2d 1078, 1080 (Miss.1980) (holding that the savings statute applies to plaintiff's defeat by some issue not affecting the merits).

Plaintiff's response to the defendants' arguments on res judicata is that the principle here does not apply because at least two of the four conditions necessary for res judicata to attach to the matter adjudicated by the Mississippi Supreme Court in *Gates, supra*, do not apply. Plaintiff points to authority such as *Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir.1983), which sets out the four factors for courts to consider on the question of res judicata, namely: (1) identity of subject matter of the action; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality of persons for and against whom a claim is made. First, says the plaintiff, there is no identity in the things sued for as required for res judicata application. Plaintiff argues that the relief pursued in the present § 1983 case is more expansive than the relief of reinstatement sought in the state administrative proceeding. Next, says the plaintiff, no identity exists between the two causes of action. Plaintiff contends the § 1983 action is drastically different than the administrative cause of action pursued by the plaintiff in the original case.

Plaintiff employs a similar argument for her contention that collateral estoppel likewise is inapplicable. Additionally, plaintiff cites to case authority where courts have permitted plaintiffs to pursue various claims even after plaintiffs' state administrative proceedings have terminated. *See Barnes v. McDowell*, 848 F.2d 725 (6th Cir.1988) (holding that issue preclusion did not apply to the constitutional claim before the court because that claim was not involved in the state administrative proceedings).

Regarding the impact of the dismissal of the earlier federal court action, the plaintiff cites case authority for support of her argument that a dismissal based on the statute of limitations is not an adjudication on the mer-

---

**13.** Prior to the effective July 1, 1989, amendment which changed the statute of limitations to three (3) years, the statute, Miss.Code Ann. § 15–1–49 (1972), read:

 All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

**14.** The savings statute, codified at Miss.Code Ann. § 15–1–69 (1972), provides that:

 If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in the case of the plaintiff's death, commence such new action within the said one year.

its, and, thus, that res judicata should not apply. Plaintiff relies on the case of *Henson v. Columbus Bank & Trust Co.*, 651 F.2d 320 (5th Cir. Unit B 1981), which states that a dismissal on limitations grounds is without prejudice to bringing the action in another jurisdiction. *Id.* at 324–25.

Finally, plaintiff alleges that the *Owens* case should be applied retroactively pursuant to the test as formulated in *Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355–56. If so, this court should apply the six-year statute of limitations as provided in Miss.Code Ann. § 15–1–49 to this dispute. Further, the plaintiff contends that this six years statute of limitations was tolled for three years and one hundred days during the pendency of the initial federal court action, and, therefore, that the six-year limitations period has not lapsed, and the present case may proceed. For support of her argument, the plaintiff cites the cases of *Hester v. Hidden Valley Lakes, Inc.*, 404 F.Supp. 580 (N.D.Miss.1975), and *Wood v. Peerey*, 179 Miss. 727, 176 So. 721 (1937), which hold that the statute of limitations is tolled on the day the complaint is filed with the clerk, not when service of process is completed.

## IV. RETROACTIVE APPLICATION OF OWENS V. OKURE

Defendants contend that the dismissal of plaintiff's earlier federal lawsuit poses a res judicata effect on plaintiff's lawsuit *sub judice*. Plaintiff's earlier federal lawsuit was dismissed by the district court and upheld by the Fifth Circuit on the ground that plaintiff had not filed her lawsuit within the applicable statute of limitations, § 15–1–35, Mississippi's one-year limitations period for intentional torts. Plaintiff opposes defendants' argument, contending that the dismissal of the earlier federal lawsuit was not a dismissal on the merits to trigger res judicata and, further, that since *Owens v. Okure* should be given retroactive effect, the earlier dismissal was in error and should be set aside.

In *Owens*, the United States Supreme Court held that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. at 250, 109 S.Ct. at 582 (footnote omitted). This ruling overruled the Fifth Circuit's holding in *Gates*, 771 F.2d 916, which had established that § 1983 claims in Mississippi had a one-year limitations period. *See* Miss.Code Ann. § 15–1–35 (Supp.1993). At the time *Owens* was decided, Mississippi's general or residual statute of limitations was six years. *See* Miss.Code Ann. § 15–1–49 (1972). For § 1983 claims brought in Mississippi, the effect of *Owens* was to lengthen the limitations period from one year to six years. Not surprisingly, such a drastic change has placed the federal courts in the position of ruling on the retroactivity of *Owens* in cases, such as here, where once time-barred plaintiffs now seek to obtain redress for their complaints. *See Flowers v. Dickens*, 741 F.Supp. 112, 114–15 (S.D.Miss.1990) (Lee, J.); (applying six-year limitations period retroactively); *Johnson v. Madison County, Miss.*, 714 F.Supp. 805 (S.D.Miss.1989) (Barbour, J.) (refusing to apply six-year limitations period retroactively).

█ The defendants argue against retroactive application and champion the reasoning of *Johnson*, 714 F.Supp. 805. In *Johnson*, Judge William H. Barbour, Jr., denied retroactive application of the *Owens* case in a § 1983 claim after he analyzed the three-part test for such enunciated in *Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355. This tripartite test asks (1), whether the decision at issue establishes new law which overrules clear past precedent on which the litigants relied, (2), whether retroactive application will further or retard the operation of the new law, and (3), whether upon a weighing of the inequities the court would determine that a harsh result will occur. *Id.* Judge Barbour held that the *Owens* decision established a new legal principle which overruled clear precedent; that the history of the pre-*Owens* rule was explicit and unambiguous; and that retroactive application would be inequitable since the rule relied on when the complaint was filed supported the one-year limitations period. 714 F.Supp. at 807. As previously mentioned, the defendants admire *Johnson* and rejoice in its holding. Relative to application of the *Chevron Oil* factors here, defen-

dants only add that non-retroactive application of *Owens* to the present case will not result in inequity to the plaintiff since she already has litigated her claims in both the state and federal forums. *See Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355 (holding that courts should look to whether retroapplication will further uniformity of the rule and whether any inequity would result when deciding whether to apply a new rule retroactively).

Plaintiff, of course, passionately criticizes *Johnson* with the same zeal defendants muster to praise it. Plaintiff reserves her praise for the holding in *Flowers v. Dickens,* 741 F.Supp. 112, 114–15 (S.D.Miss.1990), wherein Judge Tom S. Lee held that in § 1983 cases, Mississippi's six-year limitations period should be applied retroactively. In *Dickens,* Judge Lee applied the *Chevron Oil* factors and held that although *Owens* established a new principle of law, this factor alone was not enough to require nonretroactive application of that decision where the factor of inequity and harshness suggested otherwise. He had this to say on the matter:

> ... This part of the Chevron analysis requires an examination of the particular circumstances of the parties before the court. In a case such as this, where the limitations period has been expanded by judicial decision, a determination that retroactive application of the longer statutory period should be denied is indicated if the defendants demonstrate that they relied to such an extent on a shorter statute under pre–Owens law that substantial inequity would result from retroactive application. See *Lavender* [*v. V & B Transmissions & Auto Repair* ], 897 F.2d [805] at 806–07 [ (5th Cir.1990) ] (plaintiffs' reliance not compelling enough to establish that retroactivity would be inequitable). In the case sub judice, defendants have not alleged that they relied in any way on the belief that plaintiff's claim was barred. At most, there was only a two-week period during which such a belief would have been reasonable. Because defendants have made no showing whatsoever that they changed their position in any way because of the belief that plaintiff's claim had been extin-

guished, this portion of the analysis weighs in favor of retroactive application.

*Dickens,* 741 F.Supp. at 115.

Accordingly, the *Dickens* court found that *Owens* should be applied retroactively and that the plaintiff's claim was controlled by the six-year statute of limitations set forth in Miss.Code Ann. § 15–1–49 (1972). *Dickens,* at 115. Plaintiff champions this reasoning.

Plaintiff herein *sub judice* adds that the presumption of retroactivity is the rule and that the defendants have the burden of avoiding retroactive application. *See Camden I Condom. Ass'n, Inc. v. Dunkle,* 805 F.2d 1532 (11th Cir.1986); *Graves v. Smith Transfer Corp.,* 736 F.2d 819 (1st Cir.1984). The plaintiff further argues that the Supreme Court intended the lower courts to apply the new *Owens* rule retroactively since the Court applied its new rule to the facts at hand. *See Ratliff v. Wellington Exempted Village Schools Bd. of Educ.,* 820 F.2d 792 (6th Cir.1987). Finally, plaintiff dismisses the holding of non-retroactive application in *Johnson* because she alleges that the ruling was limited to the facts of the case and that the plaintiff did not respond to the motion before the court.

■ This court is persuaded by the plaintiff's position that *Owens* should be applied retroactively in this case. This court is convinced that the guidelines for retroactivity enunciated in the case of *James B. Beam Distilling Company v. Georgia,* ("Jim Beam") 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) compel this conclusion. In *Chevron Oil,* the United States Supreme Court was confronted with the question whether a plaintiff's personal injury action under the Outer Continental Shelf Lands Act, 67 Stat. 462, 43 U.S.C. § 1331 et seq. was time barred. When the *Chevron* lawsuit was initiated in the district court there was in place a line of federal court decisions proclaiming suits for personal injury under the Act to be governed by general admiralty law, including the equitable doctrine of laches. During the course of the lawsuit, the United States Supreme Court announced its decision in *Rodrigue v. Aetna Casualty and Surety Company,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969) which held that

state law, rather than admiralty law, supplied the appropriate limitations period for actions under the Act. Thereafter, the district court dismissed plaintiff's action on the ground that Louisiana's one-year limitations period on personal injury governed and that, therefore, the action was time-barred. Before the Supreme Court, the plaintiffs argued that *Rodrigue* should not be applied retroactively to bar actions filed before the date of its announcement.

The Supreme Court ultimately concluded that the Louisiana one-year statute of limitations should not be applied retroactively in the case. The Court reached this result after an analysis of pertinent factors the Court identified as vital to such a determination. The Court summarized its inquiry as follows:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e.g., *Hanover Shoe v. United Shoe machinery Corp., supra*, [392 U.S. 481] at 496 [88 S.Ct. 2224, 2233, 20 L.Ed.2d 1231 (1968) ], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see *e.g., Allen v. State Board of Elections, supra*, [393 U.S. 544] at 572 [89 S.Ct. 817, 835, 22 L.Ed.2d 1 (1969) ]. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive operation will further or retard its operation." *Linkletter v. Walker, supra*, [381 U.S. 618] at 629, [85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1965) ]. Finally, we have weighed the inequity imposed by retroactive application, for "where a decision of this court could produce sustained inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity." *Cipriano v. City of Houma, supra*, [395 U.S. 701] at 706 [89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969) ].

*Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355.

The polar decisions of *Flowers v. Dickens, supra,* and *Johnson v. Madison County, supra,* on the retroactivity question of *Owens* were reached by the two courts upon variant analyses under the factors of *Chevron Oil.* The Supreme Court's rationale for the principles espoused in the later *Jim Beam* case, however, now narrow the circumstances when the *Chevron Oil* test should be applied.

In the *Jim Beam* case, a distiller brought an action to recover moneys paid in excise taxes under a Georgia excise tax statute that imposed a greater tax on imported liquor than that on liquor manufactured from Georgia-grown products. The distiller relied upon an earlier decided case, *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), wherein the Court had held a similar Hawaii law to violate the Commerce Clause. Although the distiller prevailed in the Georgia state court on the question of unconstitutionality of the Georgia statute, the trial court refused to apply its ruling retroactively, relying on *Chevron Oil.* The State Supreme Court affirmed. The United States Supreme Court reversed.

The *Jim Beam* Court declined to apply the *Chevron Oil* factors to the issue of retroactivity before it. Instead, the Court extended to the civil context a rule crafted in the criminal context by *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Rooted in the principles of equality and stare decisis, this rule holds that once the Supreme Court has applied a rule of law to litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata. In other words, if the Court applies retroactively a longer statute of limitations to an action before it, that longer period should also govern and be applied retroactively to all other such cases not barred by procedural requirements or by res judicata. The Court noted that this approach would necessarily limit the application of the *Chevron Oil* test to the effect that it may not distinguish between litigants for choice-of-law purposes on the particular

equities of their claim to prospectivity. *Id.*, 501 U.S. at 541–43, 111 S.Ct. at 2447.

The *Jim Beam* rule requires this court to give retroactive treatment to the statute of limitations for § 1983 claims established by the *Owens* decision. In *Owens*, the Court clarified the pronouncements of the case of *Garcia*, 471 U.S. 261, 105 S.Ct. 1938, which held that for § 1983 claims courts should adopt the state's statute of limitations which concerns personal injury actions. The *Owens* Court held that if a state has more than one statute of limitations for personal injury actions, the courts should select the general or residual statute of limitations as the applicable period for § 1983 claims. *Owens*, 488 U.S. at 249–50, 109 S.Ct. at 581–82. The *Owens* Court further applied this newly pronounced rule of law to the litigants in the case, finding that New York's three-year limitations period applied to the § 1983 claim since that statute covered a general limitations period. *Id.* at 250, 109 S.Ct. at 1586–87. Since the *Owens* Court applied its new rule to the facts before it, the *Jim Beam* rule requires this court to apply *Owens* retroactively to the plaintiff's case *sub judice.* Thus, in light of the *Jim Beam* case, the court finds that pursuant to *Owens*, the plaintiff's claim which accrued in 1981 is governed by the general six-year statute of limitations set forth in Miss.Code Ann. § 15–1–49 (1972).

## V. *RES JUDICATA EFFECT OF PREVIOUS FEDERAL DISMISSAL*

■ The court is aware of the cases cited by the defendants which are offered to support their contention that a dismissal based on limitations grounds is an adjudication on the merits. *See Nilsen*, 701 F.2d 556; *see also Steve D. Thompson Trucking Co. v. Dorsey Trailers, Inc.*, 880 F.2d 818 (5th Cir. 1989). However, those cases stand for the proposition that a dismissal on a statute of limitations by a federal court hearing a diversity matter is an adjudication on the merits when the plaintiff seeks another federal forum with a more favorable limitations period. These cases do not address the situation where a suit is dismissed in a federal court on limitations grounds and the plaintiff later refiles in the same forum after a judicial ruling which lengthens the previous limitations period. Under these circumstances, if the later judicial ruling is applied retroactively, the plaintiff should not be barred by res judicata from refiling a claim if the action is not time-barred. Further, in this circumstance, the plaintiff should not be prejudiced by the application of claim preclusion since the previous filing is now deemed to have been timely. Therefore, the court finds that the cases cited by the defendants are inapplicable to the present case. The court holds that principles of equity support the plaintiff's argument that her previous action's dismissal should not have res judicata effect on her present claim since the retroactive application of *Owens* indicates she had filed her previous action within the proper time frame.

## VI. *IS THIS ACTION TIME BARRED?*

■ Having overcome the obstacles of retroactive application and res judicata concerning her previous federal dismissal, plaintiff now must show that her complaint in this case was filed within six years from the time the cause of action accrued. Miss.Code Ann. § 15–1–49. The cause of action accrued on April 3, 1981, when plaintiff received written notification of the non-renewal of her teaching contract. *See, e.g., Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir.1989) (holding that in an unlawful discharge claim, the statute of limitations begins to run when employee is notified that employment is not renewed). This instant action was filed June 22, 1990, over nine years after the accrual of plaintiff's cause of action.

Plaintiff argues that while ordinarily her claim under § 15–1–49 would have expired on April 3, 1987, her claim has added life because the operation of the statute was tolled for the pending three years and 100 days of her earlier federal court action from December 1, 1982, the time of complaint, until time of denial of certiorari by the United States Supreme Court on March 10, 1986. She cites to the cases of *Wood v. Peerey*, 179 Miss. 727, 176 So. 721 (1937), and *Hester v. Hidden Valley Lakes, Inc.*, 404 F.Supp. 580 (N.D.Miss.1975), for support of her argu-

ment. These cases hold that a limitations statute is tolled on the filing of the complaint, not when process is served or when summons is issued. Thus, says the plaintiff, her claims herein are not time-barred.

The defendants disagree. They say that the Mississippi savings statute applies only to suits "duly commenced within the time allowed." Miss.Code Ann. § 15–1–69. The defendants acknowledge that the savings statute covers the dismissal of an action "for any matter of form;" however, they contend the meaning of this category refers to a dismissal not "affecting the merits." *See Ryan v. Wardlaw*, 382 So.2d 1078 (Miss. 1980). Since the defendants contend the federal dismissal on limitations grounds was indeed on the merits, they opine that this category in the savings statute is inapplicable to the present case.

■ A federal court, of course, must apply the state's tolling provisions when the court applies the state's statute of limitations. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). The Mississippi savings statute which deals with the tolling of limitations periods states as follows:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, . . . for any matter of form . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Miss.Code Ann. § 15–1–69.

■ This court finds, however, that it need not examine the effect of this saving statute. Plaintiff's present lawsuit is well within the requisite six years period from time of accrual of her claim. Her claim accrued April 3, 1981. She filed her earlier federal lawsuit on December 1, 1982. Accordingly, since plaintiff's claims are now given retroactive effect, she had over four years remaining to file under the six-years limitations period. The

United States Supreme Court announced *Owens* with its pronouncement for a different statute of limitations on January 10, 1989. The plaintiff thereafter filed this lawsuit on June 22, 1990, an elapse of only seventeen months from the date *Owens* was handed down. Since this time period is not in excess of the four years plaintiff had remaining under the six-years statute of limitations when she filed her earlier dismissed federal lawsuit, plaintiff's lawsuit *sub judice* is not barred by the statute of limitations. This court, therefore, holds that the general statute of limitations in Miss.Code Ann. § 15–1–49 does not bar the present action.

In conclusion, this court finds that plaintiff's lawsuit *sub judice* survives defendants' attack on grounds of res judicata and violation of the filing limitations period. In short, defendants have failed to show that the dismissal of plaintiff's earlier federal lawsuit erects any barrier which acts to delimit or prevent the instant lawsuit. The court finds differently, however, relative to plaintiff's earlier state court lawsuit.

## VII. *RES JUDICATA AND COLLATERAL ESTOPPEL REGARDING PLAINTIFF'S PRIOR STATE COURT LAWSUIT*

■ The federal statutory principle of full, faith and credit is well established:

> The records and judicial proceedings of any court of any . . . State, Territory, or Possession . . . shall have the same full, faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken.

28 U.S.C. § 1738 (1988). Therefore, a prior state court decision is given the same preclusive effect in a subsequent federal court action as it would be given by the courts of the state in which the prior ruling was entered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 84–85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). In *Migra*, where a terminated school employee brought suit against a school board for wrongful termination and raised state law claims which proceeded to judgment, the Court held that

the plaintiff would be barred from bringing a § 1983 claim in federal court if such an action would be barred under the principles of res judicata established by the state where the original action was brought. The Court made the following observation:

> Section 1983, however, does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. We hold, therefore, that petitioner's state court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts.

*Id.,* 465 U.S. at 85, 104 S.Ct. at 898.

## A. *Res Judicata*

Turning then to the doctrine of res judicata in Mississippi, the court finds that the doctrine bars the relitigation of:

> all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit, if four identities of res judicata are present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

*Riley v. Moreland,* 537 So.2d 1348, 1354 (Miss.1989) (quoting *Dunaway v. W.H. Hopper & Assocs., Inc.,* 422 So.2d 749, 751 (Miss. 1982); *see also Johnson v. Howell,* 592 So.2d 998, 1002 (Miss.1991). The court will now examine each of the above factors in sequence.

### 1. Identity of Subject Matter of the Action

Citing *Mississippi Employment Sec. Comm'n v. Georgia–Pacific Corp.,* 394 So.2d 299, 301 (Miss.1981), the plaintiff contends that the first factor, identity of the subject matter, should be more particularly described as "identity of the things sued for." In *Mississippi Employment Sec. Comm'n v. Georgia–Pacific,* the Mississippi Supreme Court addressed the question of whether the doctrine of res judicata barred relitigation of

a claim raised in state court which was previously brought in federal court. The Court stated that for res judicata to apply, four essential conditions (the four identities) must be met. The first condition cited by the Court was "identity in the things sued for." The Court failed to elaborate on the meaning of this condition and concluded merely that two of the four conditions required for the application of res judicata had not been met. *Id.*

The plaintiff relies upon *Mississippi Employment Sec. Comm'n v. Georgia–Pacific* to underscore her position that the first factor therein listed more correctly refers to the type of relief sought. Proceeding on this presumption, the plaintiff then offers a detailed account of the difference between the relief sought in her state and federal actions in support of her contention here that there is failure of the first identity.

However, more recent Mississippi Supreme Court decisions refer to this first condition for application of res judicata as "identity of the subject matter of the action," not as "identity of relief sought." *Dunaway,* 422 So.2d at 751; *see also Johnson,* 592 So.2d at 1002; *Riley,* 537 So.2d at 1354; *Walton v. Bourgeois,* 512 So.2d 698, 701–02 (Miss.1987). None of these cases addresses an "identity of things sued for" or an "identity of relief sought." Therefore, this court declines to adopt the plaintiff's interpretation of what constitutes the first identity necessary for the application of res judicata under Mississippi law.

Both this action *sub judice* and the plaintiff's previous state court action address the same subject matter, namely, the nonrenewal of plaintiff's teaching contract with the Hattiesburg Municipal Separate School District and the plaintiff's contention that this was in violation of her First Amendment rights. Therefore, this court finds that the first identity required for the application of res judicata is present. *See Moses v. Flanagan,* 727 F.Supp. 309, 311 (N.D.Miss.1989) (finding that the subject matter of a teacher's § 1983 claim in federal court and a previous administrative appeal to Chancery Court involved the teacher's claim that termination of

the teacher's contract violated due process and equal protection, hence, identity of subject matter was present).

## 2. Identity of Cause of Action

██ The Mississippi Supreme Court has defined the "identity of cause of action" necessary for the application of res judicata as "identity of underlying facts and circumstances upon which a claim is asserted and relief sought from the two actions." *Riley,* 537 So.2d at 1354 (citing *Walton,* 512 So.2d at 701). The Mississippi Supreme Court also has looked at the "nature and source of the right alleged to have been infringed" when determining whether the identity of cause of action is present. *See Dunaway,* 422 So.2d at 751. According to the Mississippi Supreme Court, the phrase "cause of action" may refer to: (1) a right to institute and carry on an action; and (2) the facts giving rise to an action. *Riley,* 537 So.2d at 1354; *Grenada Bank v. Petty,* 174 Miss. 415, 164 So. 316, 318 (1935). Therefore, the foregoing authority teaches that if the underlying facts and circumstances giving rise to the plaintiff's claim here are the same as the ones plaintiff raised in her state court action, then identity of cause of action is present.

██ The plaintiff alleges that the causes of action in the case *sub judice* and her prior state court action are different since § 1983 embraces broader remedies than those that were available to her in the administrative action. The plaintiff adds that a § 1983 action could not have been raised in the previous state action, and the state's administrative process offers far less than what is offered under § 1983.

This court is not persuaded. In her state court actions before the School Board, the Chancery Court of Forrest County, and the Mississippi Supreme Court, in each instance plaintiff sought relief based upon her contention that her First Amendment rights had been violated. The Mississippi Supreme Court stated in its opinion which ultimately held against the plaintiff that, "[t]he basic issue in this appeal involves the constitutional question of free speech balanced against the substantial evidence rule in a teacher nonrenewal case." *Gates,* 461 So.2d at 732.

Following this pronouncement, the Court undertook a detailed analysis of free speech rights in the context of the nonrenewal of a teacher's contract. The Court further considered each fact raised by plaintiff in support of her allegation that her First Amendment rights had been violated. *Id.,* at 737–39. Both the rights alleged to have been infringed and the factual circumstances behind them were heard and ruled on by the Mississippi Supreme Court.

██ These same allegations are before this court today. The plaintiff is correct to state that the present § 1983 claim could not have been raised in the original state court action. However, that does not distinguish the claims for the purpose of res judicata analysis since the rights alleged to have been infringed and the underlying factual circumstances presented to this court are the same. *See Moses,* 727 F.Supp. at 311–12. A remedy is provided through § 1983 for the vindication of one's constitutional rights, but the statute does not create an independent federal right or cause of action. *Carbonell v. Louisiana Dept. of Health & Human Resources,* 772 F.2d 185, 188 (5th Cir.1985). Therefore, the court finds the causes of action in the instant case are identical to those raised by the plaintiff in her state action before the Board, the Chancery Court and Mississippi Supreme Court. Hence, this court finds that the second identity necessary for the application of res judicata is present.

## 3. Identity of Parties

The plaintiff's initial state court action was an appeal of the decision of the Board of Trustees of the Hattiesburg Municipal Separate School District not to reemploy her. This appeal to the Forrest County Chancery Court named as defendant the Hattiesburg Municipal Separate School District. The ruling of the Forrest County Chancery Court was appealed by the Board of Trustees of the Hattiesburg Municipal Separate School District to the Mississippi Supreme Court. The plaintiff was the appellee. In the instant case, plaintiff names as defendants the current Superintendent of Hattiesburg's public schools, James Gordon Walker, in his official capacity, the Board of Trustees of the Hat-

tiesburg Municipal Separate School District, in their official capacities, and the former Superintendent of Hattiesburg's public schools, Dr. Sam Spinks, who is being sued in his individual capacity only.

■ Mississippi follows the general rule that for res judicata to apply, the parties in the two actions must be substantially identical. *See Cherry v. Anthony, Gibbs, Sage,* 501 So.2d 416, 418 (Miss.1987) (finding no identity of parties where court found substantial legal difference between individual plaintiff and corporation bearing plaintiff's name). However, "substantially identical" does not mean "exactly the same." Privity, succession in interest, and relationship are terms used to express the identity of parties required for the application of res judicata. *State, ex rel. Moore v. Molpus,* 578 So.2d 624, 640 (Miss. 1991); *Walton v. Bourgeois,* 512 So.2d at 701.

■ Suits against government officials in their official capacities are suits against the governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Similarly, the officials of a school district may be deemed in privity with the school district for the application of res judicata. *Moses,* 727 F.Supp. at 312. The court in *Moses* relied upon the holding in *Schuster v. Martin,* 861 F.2d 1369, 1373 (5th Cir.1988), that, "[it] is ... a general principle of the law of preclusion that state officials are, as a matter of law, in privity with the agency or department in which they serve." *Moses,* 727 F.Supp. at 312. Based on *Moses, Schuster,* and the United States Supreme Court's pronouncement in *Kentucky v. Graham,* this court finds Superintendent Walker to be in privity with the Hattiesburg Municipal Separate School District under these facts for res judicata to attach.

Dr. Sam Spinks was not a named defendant in the plaintiff's appeal to the Forrest County Chancery Court. However, the Chancellor made a specific finding that Dr. Spinks had violated the plaintiff's constitutional rights by not recommending her for reemployment. The Mississippi Supreme Court reversed this finding and reinstated the finding of the Hearing Officer, attorney Frank Montague, that the plaintiff's constitutional rights had not been violated. The Mississippi Supreme Court's determination was final and the Chancellor's findings were abrogated. It is well established Mississippi law that a final judgment on the merits of an action by a court of proper jurisdiction precludes parties and their privies from relitigating claims that were or could have been raised in that action. *Walton,* 512 So.2d at 700; *Golden v. Golden,* 246 Miss. 562, 151 So.2d 598 (1963). This court finds, then, that while plaintiff may not have formally named Dr. Spinks as a party in the state court action, that nevertheless plaintiff's lawsuit necessitated inquiry into Dr. Spinks' conduct which cast him as an unnamed defendant. Eventually, that inquiry blossomed into findings of fact regarding Dr. Spinks by the state Supreme Court. This court finds, then, that under these circumstances Dr. Spinks was a party for purposes of res judicata. *See Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 688–89 (7th Cir.1986) (holding that the term privity represents a legal conclusion that the relationship between one who is a party and a non-party is sufficiently close to afford application of the principle of preclusion).

In both the state court action and in the lawsuit *sub judice* plaintiff named as a party the Hattiesburg Municipal Separate School District. Thus, having determined that the defendants herein, Dr. Walker and Dr. Spinks, as well as the Hattiesburg Municipal Separate School District are all in identity with the defendants named in the plaintiff's state court action, this court finds that the "identity of the parties" prong is satisfied.

**4. Identity of Quality of Person Against Whom Claim is Made**

■ To determine whether this identity is present, the court looks to the capacities in which the parties to the two actions were sued. *Moses,* 727 F.Supp. at 312. Regarding the Board of Trustees of the Hattiesburg Municipal Separate School District, it is clear that no Board member was ever named as a defendant in his individual capacity. The court concludes that the Board of Trustees and the School District are substantially identical for the purposes of res judicata

application, thus, the court finds no difference in quality between the Board of Trustees and School District defendants either in the state court action or the case *sub judice.* *See also Schuster,* 861 F.2d at 1373 (finding that individuals on a hospital's Board of Trustees are in privity with the hospital for the purpose of res judicata). Inasmuch as Superintendent Walker is sued only in his official capacity, and since the court has already found him to be in privity with the School District which he serves, there is no difference in quality between the School District in the plaintiff's state court action and Superintendent Walker in the case *sub judice.*

Therefore, the court finds that the doctrine of res judicata applies here. The essential claims raised in this federal action were raised in the Chancery Court and Mississippi Supreme Court. Plaintiff's argument that the matters involve variant remedies misses the mark. Remedies are predicated on findings of liability. Here, the Mississippi Supreme Court applied the applicable, relevant law to the facts and found that the plaintiff's claim lacked substance. Plaintiff presented her side of the facts. Defendants submitted theirs. The Mississippi Supreme Court examined all of this and made its finding of facts. This finding settled the First Amendment issue before the court. Therefore, all defendants are entitled to summary judgment because the instant suit is barred by principles of res judicata.

### B. *Collateral Estoppel*

■ Under the federal rules of issue preclusion, the United States Supreme Court has announced that "issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was rendered." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Since the present case concerns the collateral estoppel effects of a prior state court determination, the court must look to Mississippi's law concerning issue preclusion. *See Hicks v. Quaker Oats Co.,* 662 F.2d 1158, 1166 (5th Cir. 1981). The Mississippi Supreme Court has held that a party is precluded from "relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Dunaway,* 422 So.2d at 751. The Mississippi Supreme Court also has stated that "where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive ... [against the party against whom it is made] in a subsequent suit on a different cause of action." *Garraway v. Retail Credit Co.,* 244 Miss. 376, 385, 141 So.2d 727, 730 (1962).

The plaintiff argues that collateral estoppel does not apply in this case since the original action was filed as an administrative remedy and the appeal to Chancery Court was a limited review of the board's decision. The plaintiff also claims that since a § 1983 claim could not have been brought in the original state action, therefore, the principle of issue preclusion is not applicable here.

The defendants cite *Holmes v. Jones,* 738 F.2d 711 (5th Cir.1984), in support of their argument that the present action is barred by collateral estoppel. The court is persuaded that the *Holmes* case is dispositive of this issue. In *Holmes,* a school board decided not to rehire a local school teacher. The teacher filed an appeal, as in this case, to the Chancery Court pursuant to the mandates of Miss.Code Ann. § 37-9-113 (1972). The Chancery Court affirmed the board's decision, finding no violation of the teacher's constitutional rights. Thereafter, the plaintiff filed a § 1983 action in federal court. Citing the principles of issue preclusion, the *Holmes* Court denied the teacher's constitutional claim since the plaintiff had litigated the issues in Chancery Court. 738 F.2d at 713–14.

■ Collateral estoppel requires that the issues at stake in the present case be identical to the issue previously litigated. In the case *sub judice,* the issue at stake concerns the alleged violation of plaintiff's first amendment rights. All of the factual circumstances surrounding these alleged constitutional violations were raised at the Chancery Court and on appeal to the Mississippi Supreme Court. *See Gates,* 461 So.2d at 732–

36. The issues were actually litigated before those courts, and the essential determinations of these issues were necessary and critical parts of the judgment. Although the initial proceedings were conducted by an administrative body, this circumstance does not alter the valid state court judgment concerning the factual and legal issues raised. *Cornwell v. Ferguson*, 545 F.2d 1022 (5th Cir. 1977); *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir.1976). In fact, a final order in an administrative proceeding, after exhaustion of appeal, may itself give rise to issue or claim preclusion. *See, e.g., University of Tenn. v. Elliott*, 478 U.S. 788, 797–98, 106 S.Ct. 3220, 3225–26, 92 L.Ed.2d 635 (1986) (holding that federal common law may incorporate state issue preclusion rules in federal suit following state administrative proceeding). *Also See Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1070 (11th Cir.1987) (holding that success in an administrative hearing does not necessarily preclude the plaintiff from filing a § 1983 claim).

The plaintiff in this case had her case reviewed by the Chancery Court on appeal from the decision of the school board and later by the Mississippi State Supreme Court. At these points, the plaintiff entered the judicial realm where issue preclusion principles are readily acknowledged. Plaintiff's core claim has been thoroughly litigated and decided against her. This court is not persuaded by any of plaintiff's arguments that another court should hear claims already previously litigated to finality in two state courts.

### CONCLUSION

Therefore, the court finds that while the plaintiff's complaint is not time-barred, nevertheless, the complaint is barred by the doctrines of res judicata and collateral estoppel. Hence, the motion of the defendants for summary judgment is well taken and the same is granted.

SO ORDERED.